## STILWELL, ADM'R'X, ET AL. *v.* CORWIN, ADM'R.

CONTRACT.—*Assessment of Taxes.*—*Contract to Avoid.*—*Fraud.*—To the complaint in an action upon a written instrument executed by the defendants, acknowledging the receipt of, and promising to return to the plaintiff, a certain sum in United States seven-thirty bonds, the defendants answered, admitting the execution of such instrument, but averring, that, at the date thereof, the plaintiff had had on deposit, in a bank of which the defendants were officers, a sum in currency equal to the amount mentioned in such receipt; that in order to fraudulently avoid taxation on such currency, the plaintiff surrendered his certificate, evidencing such deposit, and, in lieu thereof, received the instrument in suit, though no such bonds were ever received as therein recited.

*Held,* on demurrer, that such answer is insufficient.

*Held,* also, that an intent to so avoid taxation is not fraudulent.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellants.

*B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellee.

BIDDLE, J.—This action is brought by John E. Corwin, administrator of the estate of Allen Makepeace, deceased, against Eliza M. Stilwell, administratrix *de bonis non* of the estate of Jacob G. Stilwell, deceased, and Winnifred C. Stilwell, administratrix of the estate of Thomas N. Stilwell, deceased. The complaint contains two para-graphs. The first is founded on the following writing, alleged to have been executed by Jacob G. Stilwell and Thomas N. Stilwell, viz.:

· " Received of Allen Makepeace, for safe-keeping, fourteen thousand five hundred dollars, in seven and three-tenths United States bonds; said bonds to be returned to said Makepeace, at any time. called for. Interest on said bonds due August 15th and February 15th. Anderson, Indiana, December 28th, 1865.

(Signed) "J. G. & T. N. STILWELL."

The second paragraph of the complaint is a common count, upon an alleged indebtedness for money had and received.

The first paragraph of answer pleaded by the defendants, to the first paragraph of the complaint, is as follows:

" That they admit the execution of the written instrument which is the foundation of said paragraph, and they say it was executed under the following circumstances, and as a part of the following contract, and not otherwise, to wit: On the 28th day of December, 1865, the said defendants owned and operated the Citizens Bank, which was a bank of deposit, and one of general banking business, at that time, and had been for ten years prior thereto, at Anderson, Indiana; that the officers of said bank were Jacob G. Stilwell, who was president thereof, and Thomas N. Stilwell, who was cashier of the same. That prior to

and on the day last aforesaid, the said plaintiff had been and then was a depositor in said bank, and had full knowledge of its being such a bank. That on said day said plaintiff, who was then and has since continued to be a resident of Madison county, Indiana, had, in said bank, deposited fourteen thousand and five hundred dollars in currency, which was subject to taxation for Government, State and county purposes, and that, to enable him to avoid paying taxes on the same, for the next then ensuing year, to wit, the year of 1866, it was, at the instance and request of said plaintiff, by said parties agreed that said certificates of deposit of said fourteen thousand five hundred dollars should be, by these defendants, received from said plaintiffs, and the same should be cancelled and destroyed, and the said bank and these defendants absolved from all liability by reason of said deposit, and that these defendants, in lieu thereof, should execute the said written instrument in suit, which should not be subject to taxation for said Government, State and county purposes, and thereby enable said plaintiffs, fraudulently, corruptly and illegally, to avoid the listing for purposes of taxation, of 'money on deposit,' in his schedule of property, money, etc., held by him, the said plaintiff, on the 1st day of January, 1866, and to thereby enable him, said plaintiff, to avoid the payment of taxes on said sum of fourteen thousand five hundred dollars, due the Government, State and county as aforesaid, to wit, to the State and county aforesaid the sum of two hundred and ninety dollars, and to the Government of the United States in the sum of fifty-three dollars ; and they say that in pursuance of said agreement the said plaintiff did refuse to list for purposes of taxation the said sum of fourteen thousand and five hundred dollars for the year 1866, and did, by virtue of and in pursuance of said agreement, fraudulently, corruptly and illegally avoid the payment, for the year 1866, of any and all taxes on said fourteen thousand five hundred dollars ; and they further say that no bonds of any

kind or description whatever passed from the said plaintiff, to the said defendants, on that occasion, nor to any other person for them. That there were no bonds in said contract, or connected in any manner with the said written instrument, and that the same was executed as aforesaid, to enable said plaintiff to cheat and defraud the said State of Indiana, the said county of Madison, and the said Government of the United States, out of the moneys due them, respectively, from said plaintiff, and for no other purpose whatever; and that the contract is illegal and void, and they demand judgment for costs," etc.

The second paragraph of the answer is not substantially different from the first.

The fourth paragraph avers that the cause of action set out in the first and second paragraphs of the complaint are one and the same, and then alleges the same facts that are set up in the first and second paragraphs, only in a slightly different form.

To each of these paragraphs of answer a demurrer was filed, alleging, as ground, the insufficiency of the facts therein stated, to constitute a defence. These demurrers were sustained, and exceptions reserved. Issues of fact were formed upon other paragraphs of answer, trial, verdict, and other proceedings had, which resulted in a judgment against the appellants. These proceedings need not be more particularly stated, as the only questions discussed by the appellants in their brief arise upon sustaining the demurrers to the first, second and fourth paragraphs of the answer.

It is insisted by the appellants that the agreement, set out in the first paragraph of the complaint, was made for the purpose of avoiding the payment of taxes for the year 1866, on money on deposit in the Citizens Bank, as alleged in the first paragraph of their answer, and, therefore, that it is fraudulent and void; and, also, that the agreement, for the same reasons, is void, as being against public policy.

We can not perceive wherein the agreement is void for either cause.    Any person has a right to exchange money on deposit in a bank for bonds on the United States, at any time, even if the express purpose in the transaction was to exchange money which was taxable, for bonds which were not taxable.    Nor would the destruction of the certificates of deposit make the slightest difference, for they would be cancelled by the exchange. The money given for the bonds was taxable for the year 1866, either in the hands of the Stilwells or in the hands of Makepeace.    The revenue, therefore, is not defrauded.    And, although no bonds actually passed in the transaction, yet if Makepeace chose to take the obligation of the Stilwells for the delivery of bonds, instead of the bonds themselves, it will not change the character of the transaction.

The allegations in the first paragraph of answer amount to no more than that Makepeace fraudulently refused to list his money, on deposit in the Citizens Bank, for the year 1866, and thereby fraudulently avoided paying the tax thereon for that year.    These facts constitute no answer to the obligation against the Stilwells to deliver United States bonds to Makepeace, according to the terms of the written instrument set out in the complaint, even though they assisted him in the fraud, as alleged.

As the second and fourth paragraphs of the answer are the same, in effect, as the first, they need not be separately examined.

The judgment is affirmed, with costs.