## OGDEN, TREASURER, v. WALKER.

TAXES.—*Legal Tender Notes.*—*Not Taxable.*—*Statute Construed.*—United States treasury notes, commonly called greenbacks, are not subject to taxation; and so much of section 49, 1 R. S. 1876, p. 81, of the act of December 21st, 1872, providing for "the assessment of property," as requires the listing commanded by the 8th item thereof, is inoperative and void.

SAME.—*Conversion to Avoid Taxation.*—*Injunction.*—*Equity.*—Where such personal property is converted into United States securities for the express purpose of avoiding taxation, a court of equity will not interfere to enjoin the collection of a tax assessed on such securities.

From the Wells Circuit Court.

*N. Burwell,* for appellant.

*R. S. Taylor* and *S. L. Morris,* for appellee.

HOWK, J.—The appellee, as plaintiff, a resident freeholder and tax-payer of Wells county, Indiana, brought this action in the court below, against the appellant, the treasurer of said county, as defendant, to enjoin the collection of certain taxes.

We take from the appellee's brief of this cause, in this court, the following summary of so much of his complaint as will present the material questions for our decision, in this action :

"It appears by the complaint, that the plaintiff owned, and had in his possession, on the 1st day of April, 1873, $5,681, in greenbacks. When the assessor called upon him, he furnished a full and true list of his personal property, which was duly appraised by the assessor at $943. The assessor then called upon him for the amount of money on hand on April 1st, to which he replied, that he had no money on that day except greenbacks, which he was not, in his opinion, required to list. He offered, however, to list the sum that he had, literally and truly, as 'U. S. treasury notes, commonly called greenbacks,' but this the assessor refused to accept, and himself listed for the plaintiff $4,446, and returned him as 'refused to swear.' Upon this the auditor added fifty per cent. to the amount returned by the assessor, and extended taxes upon the amount thus obtained. The plaintiff paid so much of the tax as had been, according to the assumption of the complaint, lawfully assessed against him, and sued to set aside the remainder of it."

The appellant demurred to the appellee's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled, and to this decision the appellant excepted, and declined to answer further. Judgment was rendered by the court below, on the demurrer, for the appellee, as prayed for in his complaint; from which judgment this appeal is now prosecuted by the appellant.

In this court, the appellant has assigned, as error, the decision of the court below, in overruling his demurrer to appellee's complaint. Under this alleged error, this question is first presented for our decision : Was the appellee required by law to list for taxation the United States

treasury notes, commonly called "greenbacks," which were held by him on the 1st day of April, 1873?

In the case of the *Board of Commissioners of Montgomery County* v. *Elston,* 32 Ind. 27, it was held by this court, that these treasury notes, popularly known as "greenbacks," were not liable to state taxation. This decision was founded upon a decision of the Supreme Court of the United States, in the case of *Bank* v. *Supervisors,* 7 Wal. 26. The doctrine of these cases has never since been questioned in this court. Since then, however, an act was passed by the General Assembly of this State, entitled "An act to provide for a uniform assessment of property, and for the collection and return of taxes thereon," approved December 21st, 1872.

In section 48 of said act it is provided, that every person required by said act to make or deliver a statement or schedule of his property for taxation, "shall set forth an account of the property held and owned by him," in accordance with the form of such schedule, contained in section 49 of said act.

The eighth item of said schedule is as follows:

"

|  | For purpose of taxation, owned or held on the first day of April. | |
| --- | --- | --- |
|  | Dollars. | Cents. |
| 8.   Monthly average value of money, credits or other personal property converted by me into bonds or other securities of the United States while held or controlled by me, during the year ending April 1, without deducting any indebtedness created by such investment. | | |

"

1 R. S. 1876, pp. 81 and 82.

It is claimed by appellant's counsel, that, by these provisions, "it was the intention of the Legislature to tax United States treasury notes, or 'greenbacks.'" It is difficult to understand what was intended by the 8th item, above cited, of the schedule for taxation. In the form of the affidavit annexed to said schedule, the per-

Ogden, Treasurer, *v.* Walker.

son listing his property for taxation is required to swear, among other things, that "the monthly average amounts and value of moneys, credits or other personal property converted by me into bonds or other securities of the United States, and held or controlled by me during the year ending April 1st, and not deducting any indebtedness created by such investments, is as stated in the eighth paragraph of this schedule."

It seems to us, from these provisions, that it was the legislative intent to devise some method, if practicable, whereby bonds or other securities of the United States might be subjected to state and municipal taxation. In other words, we cannot construe the eighth item of the schedule before cited, and so much of the affidavit annexed to said schedule as we have quoted, as any thing more than a mere attempt to accomplish by indirection what could not be done directly, namely, the taxation of bonds and other securities of the United States by state and municipal authority. It can not be doubted, we apprehend, that it is within the power of the government of the United States, as the supreme law-making power of this country, to provide by law for the exemption from state, municipal and other taxation the obligations of the United States. The Revised Statutes of the United States, approved June 22d, 1874, contain the latest expression of Congressional will on the subject now under consideration. In section 3701 of these Revised Statutes, it is provided, as follows:

"Sec. 3701. All stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under state or municipal or local authority." U. S. Rev. Stat. p. 736.

It seems to us, that the provisions of this section are decisive of this case. The United States treasury notes, commonly called "greenbacks," owned and held by the appellee, were by law "exempt from taxation by or under state or municipal or local authority," either directly or in-

directly. The appellee had the legal right to refuse to list his "greenbacks," or U. S. treasury notes, for the purposes of such taxation, and to refuse to swear to his schedule, after the assessor had inserted therein a certain sum of money, on account of his U. S. treasury notes or "greenbacks."

It seems clear to us, that the eighth item of the schedule, in section 49 of the assessment law of this State, before referred to, and so much of the affidavit above quoted as is addressed to said eighth item, are in direct conflict with the spirit, meaning and intention of said section 3701 of the Revised Statutes of the United States, and are therefore inoperative and of no effect.

In the case of *Stilwell* v. *Corwin*, 55 Ind. 433, it was said, that "Any person has a right to exchange money on deposit in a bank for bonds on the United States, at any time, even if the express purpose in the transaction was to exchange money which was taxable, for bonds which were not taxable." If, however, the party who makes such an exchange for bonds, for the express purpose of avoiding taxation on money or property otherwise taxable, should be assessed with such bonds for the purposes of taxation, it may well be doubted, if a court of equity would enjoin the collection of any taxes assessed on such bonds.

In the case of *Mitchell* v. *Board of Commissioners of Leavenworth County, Kansas*, 1 Otto, 206, it appeared that "personal property in Kansas, which includes money on deposit, is listed for taxation as of March 1st in each year;" that, on February 28th, 1870, Mitchell, the plaintiff, had to his credit with a banking firm in Leavenworth a large sum in current funds, for which he that day gave his check, payable to himself, in United States notes, which were paid to him; that he immediately enclosed them in a sealed package, and placed them for safe-keeping in the vault of the bank, and on March 3d he withdrew his package and deposited the notes to his

credit; and that "this was done for the sole purpose of escaping taxation upon his money on deposit." He did not list any money on deposit. The taxing officers, in due time, on discovery of the facts, added $9,000 to his assessment, on account of his money in bank. A tax was thereupon in due form levied, and its collection threatened. Mitchell filed a bill in equity to enjoin the collection of this tax, upon the ground that, as his bank balance had been converted into United States notes, and was held in that form on the day his property was to be listed, he could not be taxed on that account. On appeal, the Supreme Court of Kansas dismissed the bill, for the reason that "a court of justice, sitting as a court of equity, will not lend its aid for the accomplishment of any such purpose."

From this judgment, Mitchell sued out a writ of error in the Supreme Court of the United States, where the judgment of the Supreme Court of Kansas was affirmed, Mr. Chief Justice WAITE delivering the opinion, as follows:

"We think the decision in this case was correct. United States notes are exempt from taxation by or under state or municipal authority; but a court of equity will not knowingly use its extraordinary powers to promote any such scheme as this plaintiff devised to escape his proportionate share of the burdens of taxation. His remedy, if he has any, is in a court of law."

The point decided in this case was not involved in the case of *Stilwell* v. *Corwin, supra,* nor is it presented by the record of the cause now before us; but we have deemed it not improper to cite the case fully for the information and guidance of all persons interested in the point in judgment.

In our opinion, no error was committed by the court below in this case, in overruling the appellant's demurrer to appellee's complaint.

The judgment is affirmed, at the costs of the appellant.