\* THE PEOPLE OF THE STATE OF NEW YORK EX REL. THE WEST SIDE AND YONKERS RAILWAY COMPANY *v.* THE COMMISSIONERS OF TAXES AND ASSESSMENTS OF THE CITY OF NEW YORK.

*Taxation of the capital stock of a company* — 1857, *chap.* 456, *sec.* 3 — *Actual value of the stock to be determined as a question of fact.*

Section 3 of chapter 456 of 1857 provides that the capital stock of every company liable to taxation, after deducting the assessed value of its real estate, and all shares of stock in other corporations actually owned by such company, which are taxable upon their capital stock under the laws of this State, shall "be assessed at its actual value."

*Held,* that it was the duty of the tax commissioners to examine and determine "the actual value" of the stock, and that where it appeared that the stock was of no value whatever, by reason of the indebtedness of the company exceeding the value of its assets, it should not be assessed.

*It seems,* that to entitle the company to deduct the assessed value of real estate held by it, it must affirmatively appear that such real estate was paid for out of the capital of the company.

CERTIORARI issued under the provisions of chapter 302, Laws of 1859, for the purpose of reviewing the action of the tax commissioners in assessing the capital stock of the relator for the year 1882.

*Fordam Morris,* for the appellant.

*George P. Andrews,* for the respondent.

BRADY, J.:

After the assessment had been made in the first instance the relator applied to have the same stricken from the books, and in support thereof submitted to the tax commissioners the following statement:

Capital stock actually paid in, or secured to be paid in..    $400,000

Amount paid for real estate owned in fee by said corporation, describing particularly by ward numbers:

Twelfth ward, farm lands, ward No. 61....    $48,000

Twenty-third ward, Highbridgeville, wards

Nos. 14, 15 and 16....................    135,000

$183,00

---

\* Decided, May, 1883.

| | |
|---|---:|
| Brought forward.......................... | $400,000 |
| Less amount thereof retired in exchange for an equal amount of the stock of the New York City and Northern Railroad Company, and included in the capital stock of said company in its report.......... | 390,000 |
| | $10,000 |
| Amount invested in the stocks of other corporations which are taxed upon their capital ................ | Nothing. |
| Amount invested in United States securities at par.... | Nothing. |
| Amount of surplus earnings ..................·......... | Nothing. |

And claimed that as the amount expended for real estate was in excess of the capital stock that had not been retired, nothing remained upon which an assessment could be imposed; and, further, that the capital stock had no actual value. The tax commissioners, after considering these objections, fixed the amount of the assessment at $10,000.

The method in which the capital stock is to be assessed is pointed out in chapter 456 of the Laws of 1857, and is as follows:

"Section 3. The capital stock of every company liable to taxation, except such part of it as shall have been excepted in the assessment-roll, or as shall have been exempted by law, together with its surplus profits or reserved funds exceeding ten per cent of its capital, after deducting the assessed value of its real estate, and all shares of stock in other corporations actually owned by such company, which are taxable upon their capital stock under the laws of this State, shall be assessed at its actual value and taxed in the same manner as the other personal and real estate of the county."

By the method adopted by the tax commissioners in assessing the plaintiff's property, no deduction was made on account of the amount of real estate; but the stock which was retired in exchange for an equal amount of that of the New York City and Northern Railroad Company was deducted from the capital stock paid in, leaving a balance of $10,000 which, as we have seen, was adopted as the amount upon which the assessment was to be made.

The statute, as will have been perceived, declares that the stock of every company shall be assessed at its actual value, and taxed in the same manner as other personal and real estate of the county.

The relator asserts that the stock has no actual value and is worthless, for the reason that it appears that $4,000,000 of bonds of the New York City and Northern Railroad Company cover the property of the West Side and Yonkers Railroad Company; and this indebtedness must necessarily be considered in determining the actual value of the stock. It may not be necessary in this matter to determine whether the real estate should be deducted from the amount of the capital stock, in view of the conclusions arrived at in the consideration of this appeal; but it may be observed in passing that it does not appear by the statement made on behalf of the appellant, as correctly suggested by the learned counsel for the respondent, that the real estate was paid for out of the capital of the appellant. It might be, as also suggested by him, that an investment in real estate might be made by a corporation to an amount equal to or exceeding its capital stock, without the expenditure of one cent of its capital; and if that were so, it would seem that the real estate should not be deducted.

In the cases to which the respondent refers in regard to the question suggested, namely, *People ex rel. The Bank of the Commonwealth* v. *Commissioners of Taxes* (23 N. Y., 193) and *The Oswego Starch Company* v. *Dolloway* (21 N. Y., 455) it appeared that the real estate was purchased out of the capital stock. In this matter the statement is, the "amount paid for real estate owned in fee by the said corporation;" and from which, although this view may be regarded as hypercritical, it does not appear that it was paid for out of the capital. But, as already suggested, this is not an important element in this appeal for the reason that it seems to be established beyond peradventure that the capital stock, namely, $10,000, has no actual value. It is so stated by Mr. Goddard, the secretary, who swears that it has none for the reason stated in the report of the New York City and Northern Railroad Company and made a part of the return; and this statement is predicated of the fact, already mentioned, that $4,000,000 of bonds of the railroad just referred to cover the property of the appellants. And it further appears that the New York City and Northern Railroad Company cannot be sold at any price, owing to the fact that the road has not earned its operating expenses since it was opened for business, and because there is a large debt for construction and for

accrued interest on its mortgage bonds amounting to $4,000,000; and for the further reason that both these roads, at the time of the assessment, were in the hands of a receiver. It seems to be sufficiently established therefore that the entire assets of both companies are insufficient to pay the amount of the bonds already mentioned; and assuming this to be the fact, the stock has no value whatever, because the amount of the indebtedness of the company is in excess of its assets.

The question of actual value is one which may be examined, and it is the duty of the tax commissioners to examine and dispose of it under the statute of 1857 (*supra*).

The stock is to be assessed at its actual value, as we have seen; and, as decided in the *Oswego Starch Company* (*supra*), whether above or below the nominal par, and this irrespective of its possessing a surplus capital or reserve fund. (See, also, *People ex rel. Thurman* v. *Ryan*, 88 N. Y., 142.)

The action of the commissioners should for these reasons be reversed.

Present — BRADY and DANIELS, JJ.

DANIELS, J., concurred.

Order of commissioners reversed.