THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALEXANDER M. MANN, Respondent, v. CHRISTOPHER Q. PETERSON AND OTHERS, Assessors of the Town of Covert, Appellants.

*Taxation — right of a minister to exemption from — 1 R. S., 388, secs. 4, 5 — When assessors should not be charged with the costs of a proceeding to review their action — 1880, chap. 269.*

The petitioner claimed to be entitled to the exemption of $1,500 given by the statute to ministers of the gospel. It appeared that, at the time of his application, he was, and since 1830 had been, a minister of the Reformed Church in America, in good standing; that by reason of old age and the loss of his sight he had for the last fifteen years withdrawn from the active duties of his profession, although he had during all that period performed its functions occasionally as opportunities presented themselves. He was engaged in no secular occupation.

*Held*, that he was entitled to the exemption.

That as the value of the real estate, for which alone he was assessed, exceeded the sum of $1,500, he was entitled, under section 5, 1 Revised Statutes, 388, to

have the sum of $1,500 deducted from its assessed value, although the said real estate was not then occupied by him.

That as the assessors acted in good faith in refusing to allow the exemption, and not with gross negligence or with malice, they should not be charged with the costs of the proceedings instituted by the relator under chapter 269 of 1880.

APPEAL from an order made at a Special Term, on the return of a *certiorari*, to review an assessment made by the appellants against the petitoners.

*F. L. Manning*, for the appellants.

*W. V. Bruyer*, for the respondents.

SMITH, P. J. :

The petitioner claimed before the assessors the exemption of $1,500 given by the statute to a minister of the gospel, and they refused it. Thereupon he sued out a writ of *certiorari* under the provisions of chapter 269 of the Laws of 1880, and on its return the Special Term ordered a reference to take testimony as to whether the petitioner was a minister of the gospel, and as to the *animus* with which the assessment was made, and to report the testimony to the court with the opinion of the referee. The referee reported the testimony taken by him, with his opinion that the petitioner was a minister of the gospel at the time of the assessment and was entitled to the exemption claimed by him, and that the respondents in refusing to allow the exemption, acted in good faith and not with gross negligence or with malice. The Special Term ordered that the assessment be corrected by reducing it $1,500, and that the petitioner recover of the defendants costs of the proceedings, to be taxed by the clerk. From that order the defendants appeal.

The evidence shows, without dispute, that the petitioner was a minister of the " Reformed Church in America," in good standing, at the time of the assessment, and had been such since the year 1830; but, by reason of old age, and accompanying infirmities, including a growing impairment of vision that had resulted in total blindness, he had for fifteen years withdrawn from the active duties of his profession, but during all that period had performed its functions occasionally as opportunity offered. He was not engaged in any secular occupation. Being a minister, and engaged in no

other calling, he was entitled to the exemption, notwithstanding he was disqualified for active duty by age and infirmity.

The appellants contend that the petitioner was not entitled to exemption in respect to his real estate, for the reason that it does not appear to have been occupied by him. The contention is based on 1 Revised Statutes, 388 (§ 4, sub. 8). But that provision applies only to a case where the real and personal estate of the minister, etc., do not exceed the value of $1,500. In this case the real estate, for which alone the petitioner is assessed, is of the value of $4,800, and the case is governed by section 5 of the statute above cited, which provides that, " if the real and personal estate, or either of them, of any minister or priest, exceed the value of $1,500, that sum shall be deducted from the valuation of his property, and the residue shall be liable to taxation." It was not necessary for the petitioner to show that he occupied his real estate.

Section 6 of the act under which this proceeding was had, provides that " costs shall not be allowed against assessors or other officers whose proceedings may be reviewed under this act, unless it shall appear to the court that they acted with gross negligence, in bad faith, or with malice." Under that provision public officers, acting within their jurisdiction, ought not to be charged with costs, unless their dereliction is clear. So long as they are endeavoring honestly, and with reasonable care and diligence, to discharge their duties, they ought not to be visited with costs for a mere error of judgment, however plain that error may be. We incline to hold with the referee as to the *animus* of the defendants. The case of *The People ex rel. Raplee* v. *Reddy* (43 Barb., 539), cited for the respondents, hardly sustains the rulings of the Special Term. Although it was held there that the assessors were bound to follow the affidavit of the person assessed as to the value of his property, and that they erred in not doing so ; it was also held that they acted judicially. And in *The People ex rel. Thurman* v. *Ryan* (88 N. Y., 142), also cited, which was a proceeding under the act of 1880, although the assessors were held to have committed a plain error in rejecting a certain promissory note produced by the person assessed as an item of his indebtedness, it does not appear that they were charged with costs at any stage of the proceedings, and there is no suggestion that they were deemed to have acted in bad faith.

We think that part of the order which charges the appellants with costs should be reversed, and the rest of the order affirmed, without costs of this appeal to either party.

HARDIN and BARKER, JJ., concurred.

So ordered.