STATE, EX REL. MORGAN, ASSESSOR, *v.* THE REAL ESTATE BUILDING AND LOAN ASSOCIATION ET AL.

[No. 18,487. Filed November 29, 1898.]

TAXATION.— *County Assessor.— Building and Loan Association.— Examination of Books.—Mandamus.*—The tax laws of the State make it the duty of the county assessor to assess all property that has been omitted from taxation, and a writ of mandate will lie to compel a building and loan association to permit the county assessor to examine its books for the purpose of determining whether any of the stock of such association had been omitted from taxation. *pp. 503-505.*

PARTIES.—*Mandamus.—Building and Loan Association.—Taxation.*—The officers of a building and loan association having the custody of its books and papers are proper parties in an action in mandamus to compel the association to permit the county assessor to examine its books for the purpose of determining whether any of the stock of such association has been omitted from taxation. *p. 505.*

MANDAMUS.—*When No Other Adequate Remedy.*—It is not the rule in this State that a writ of mandamus is not proper if there is another remedy; the rule is that such writ is not proper if there is another adequate remedy. *p. 505.*

From the Monroe Circuit Court. *Reversed.*

*J. E. Henley* and *J. B. Wilson,* for appellant.

*Louden & Louden,* for appellees.

MONKS, C. J.—This action was brought by the relator as county assessor to compel appellee, said building association and its officers, to permit him, as such assessor to examine the books of said building association for the purpose of determining whether any of the stock of said association had been omitted from taxation. An alternative writ of mandamus was issued, and appellees' demurrer thereto was sustained. Appellant refusing to plead further judgment was rendered in favor of appellees.

The only errors assigned call in question the action of the court in sustaining said demurrer. It is settled law in this State that the stock in building and loan associations, whether paid up, prepaid, running, or otherwise, is taxable at its true cash value. *Harn* v. *Woodard, ante,* 132; *Deniston* v. *Terry,* 141 Ind. 677. The tax laws of this State make it the duty of county assessors to assess all property which has been omitted from taxation, and for that purpose he not only has the power expressly given him by statute, but also the power given to township assessors, county auditors, and treasurers, sections 8526, 8531, 8560, 8600, Burns' R. S. 1894 (6371, 6380, 6409, 6449, Horners' R. S. 1897), being sections 108, 113, 142, 182 of the tax law. Acts 1891, pp. 241, 245, 257, 268.

Ample powers are conferred by statute upon the taxing officers in this State to perform their duties in discovering and assessing property. It is provided by section 8444, Burns' R. S. 1894 (6302, Horner's R. S. 1897), that "For the purpose of properly listing and assessing property for taxation and equalizing and collecting taxes, the township assessor, county assessor, county auditor, auditor of state, boards of review, and board of tax commissioners shall each have the right to inspect and examine the records of all public offices, and the books and papers of all cor-

porations and taxpayers in this State, without charges; and they shall also have the power to administer all necessary oaths or affirmations in the discharge of their duties." The foregoing section is substantially the same as section 6317, R. S. 1881, except that the last named section did not mention township and county assessors.

It was held by this court in *Satterwhite* v. *State*, 142 Ind. 1, that under said section 6317, R. S. 1881, a board of equalization had the power to inspect and examine the books and papers of corporations, and require a witness to testify in making a preliminary examination to determine whether any property had been omitted from taxation, before giving any notice to any taxpayer that said board was about to assess omitted property to him, and, further, that mandamus was the proper remedy in such investigation. It is clear from what was said in *Satterwhite* v. *State, supra*, that the relator was entitled to a writ of mandamus to compel said appellees, the building association, and its officers, to permit him to examine its books and papers in his preliminary investigation to discover property omitted from taxation, not only for the year 1897 but for previous years. Sections 8526, 8531, 8560, 8600, Burns' R. S. 1894 (6371, 6380, 6409, 6449, Horner's R. S. 1897), not only makes it the duty of the county assessor and other taxing officers to search for, discover, list, and assess all omitted property subject to taxation for the current year, but for previous years, and in the performance of this duty such officers are authorized to use all the means and instrumentalities the law provides. It is the policy of this State, as declared in the constitution, to subject all private property, real and personal, to taxation, except such only for municipal, educational, literary, scientific, religious, or charitable pur-

poses as may be especially exempted by law. Const. Art. 10, Sec. 1. *State, ex rel.,* v. *Halter,* 149 Ind. 292, 301. The sections of the tax law heretofore cited, were enacted by the legislature in obedience to the mandate of the constitution in order that the taxing officers might discover, list, and assess all real and personal property not exempt from taxation, as provided in the constitution.

The officers of the building association, being the custodians of its books and papers, were properly made codefendants with the association in the court below, for the reason that the writ when issued must be obeyed by the officers, and if not obeyed, the punishment for such disobedience should be assessed against them, or such of them as are guilty of a disregard of the mandate. It is insisted by appellees that "the writ of mandamus is not proper unless there is no other remedy." The rule in this State is that such writ is not proper if there is another *adequate* remedy. *State, ex rel.,* v. *Kamman, ante,* 407, and cases cited; *Manor* v. *State, ex rel.,* 149 Ind. 310, 313, and cases cited; *Wampler* v. *State, ex rel.,* 148 Ind. 557, 563, 564, and cases cited. It follows from what we have said, and the authorities cited, that the court erred in sustaining the demurrer to the alternative writ. Judgment reversed, with instructions to overrule the demurrer to the alternative writ, and for further proceedings in accordance with this opinion.