## CROWDER ET AL. v. RIGGS, AUDITOR.

[No. 18,673. Filed June 9, 1899. Rehearing denied Oct. 4, 1899.]

TAXATION.—*Converting Property for Purpose of Avoiding Taxation.* —*Duty of Officers.*—By §8462 Burns 1894 the assessor is required to list for taxation property which has been temporarily converted into property which is not taxable for the purpose of evading the payment of taxes thereon; but if such duty is not performed by that officer it is imposed upon the auditor, county assessor, and other taxing officers by other sections of the tax law. *pp. 159, 160.*

SAME.—*Assessment of Omitted Property.*—*Duty of Officers.*—Section 8462 Burns 1894 makes it the duty of the assessor every year when he lists the property of each taxpayer to cause any property to be assessed at its true cash value which he is satisfied such person has since the first day of April of the preceding year converted into non-taxable property for the purpose of evading the payment of taxes thereon, and if such officer fails to discharge this duty for one year, or any number of years, the other taxing officers have the power, and it is their duty, to assess the same for such years as omitted property, under other sections of the tax law. *pp. 160, 161.*

SAME.—*Collection of Taxes.*—*Notice.*—*Injunction.*—A court of equity will not enjoin the assessment of property for taxation, or the collection of taxes, on the ground of insufficiency of notice, or other informalities or irregularities, where the property is taxable. *p. 161.*

SAME.—*Assessment of Omitted Property.*—*Injunction.*—An injunction will not lie to restrain the county auditor from placing upon the tax duplicate property alleged to have been omitted from taxation for certain years if taxable property belonging to plaintiff was omitted from the tax duplicate in any of the years mentioned. *p. 161.*

Crowder *v.* Riggs, Aud.

INJUNCTION.—*Taxation.*—*Assessment of Omitted Property.*—Plaintiff
is not entitled to an injunction restraining the county auditor
from adding certain property to the tax duplicate as omitted prop-
erty, where it is not shown by the special finding of facts that
defendant would add such property to the tax duplicate if not
enjoined. *p. 162.*

. From the Sullivan Circuit Court. *Affirmed.*

*John C. Briggs* and *J. W. Lindley,* for appellants.

*John S. Bays,* for appellee.

MONKS, J.—This suit was commenced by appellants to
enjoin appellee as auditor of Sullivan county from placing
upon the tax duplicate certain property of appellants for the
years 1891, 1892, 1893, and 1894. The court made a
special finding of facts, and stated conclusions of law thereon
in favor of appellee, and rendered judgment against appel-
lants. The only errors assigned call in question the conclu-
sions of law.

It was found by the court that appellants were in the bank-
ing business as partners in Sullivan county, Indiana, from
1875 until November 1895, and that for a number of years
prior to 1895 they omitted from their tax schedule of the
partnership property belonging to said firm of bankers, sub-
ject to taxation, large sums of money which had been by said
firm exchanged for "greenback" currency of the United
States of America, for the purpose of escaping taxation, and
that the same had wholly escaped taxation. The finding
states the amount of money, subject to taxation, which was
by appellants exchanged for "greenbacks" in each of said
years for the purpose of escaping taxation thereon.

The act of Congress, authorizing the states to tax United
States legal tender and other notes and certificates of the
United States, was approved August 13, 1894. 28 U. S.
Stat. at Large, p. 278. Since said act took effect "green-
backs" have been taxable in this State. Under the facts
found the taxing officers were authorized and required by
statute to list and value the taxable property so converted

into "greenbacks," the same being then non-taxable property. Section 52, Acts 1891, p. 213, §8462 Burns 1894, §6320 Horner 1897. Said section of the tax law of 1891 imposed this duty upon the assessor, but if such duty is not performed by that officer it is imposed upon the auditor, county assessor, and other taxing officers by other sections of the tax law. *State* v. *Real Estate, etc., Assn.*, 151 Ind. 502; *State* v. *Workingmen's, etc., Assn.*, 152 Ind. 278. Moreover, if the non-taxable property so received in exchange for taxable property was valued, and assessed for taxation, a court of equity would not in such a case use its extraordinary power of injunction to promote the scheme of any taxpayer to escape his proportionate share of the burdens of taxation. *Ogden* v. *Walker*, 59 Ind. 460; *Mitchell* v. *Board, etc.*, 1 Otto (U. S.) 206.

It is insisted by appellant that under §52 of the tax law of 1891 (§8462 Burns 1894, §6320 Horner 1897) the taxing officer can only go back to the time since April 1st of the preceding year in placing upon the tax duplicate taxable property which has been exchanged for non-taxable property for the purpose of evading the payment of taxes thereon, and that, therefore, appellee in December 1896 had no power to add any property of the kind named to the tax duplicate for any year prior to 1896. It is true the section mentioned provides that, if the assessor is satisfied that any person required to list his property has since the 1st day of April of the preceding year converted any part of his property into property not taxable, for the purpose of evading the payment of taxes thereon, such assessor shall cause such property to be assessed at its true cash value. This is the duty of the assessor every year when he lists the property of each taxpayer. If he fails to discharge this duty, however, for one, or any number of years, the other taxing officers have the power, and it is their duty, to assess the same for such years as omitted property, under other sections of the tax law, the same as other omitted

property. *State, ex rel.,* v. *Real Estate, etc., Assn.,* 151 Ind. 502, 503.

It is also urged that the notice given by appellee to appellant under §142, Acts 1891, p. 257, §8560 Burns 1894, §6409 Horner 1897 to appear and show cause, if any, why certain property claimed to be omitted from their assessments for the years named therein should not be added to the tax duplicate, was insufficient for the reason that it was not as specific as the law requires. When any one seeks the aid of a court of equity to enjoin the assessment of property for taxation or the collection of taxes, he cannot obtain relief on the ground of the want or insufficiency of notice, or other informalities or irregularities. If the property is taxable, the want of notice or the insufficiency thereof, or any other irregularity or informality, does not entitle the owner thereof to an injunction. *Hunter Stone Co.* v. *Woodard, Treas.,* 152 Ind. 474; *Miller* v. *Vollmer, Treas., ante,* 26; *Reynolds* v. *Bowen,* 138 Ind. 434; *Jones* v. *Summer,* 27 Ind. 510.

It is insisted by appellants that the findings show that the "greenbacks" held by them came into their possession in the usual course of business, and that their property was not converted into "greenbacks" for the purpose of evading the payment of taxes thereon. The findings as to the years 1892, 1893, and 1894 are that a large sum of money (stating the amount) was by appellants exchanged in each of said years for "greenbacks" for the purpose of evading the payment of taxes thereon. The findings for the year 1891 are somewhat ambiguous and contradictory. But even if the findings for said year of 1891 show that there was no omitted property for that year,—a question we need not and do not decide,—appellants were not entitled to an injunction if there was any taxable property of appellants omitted from the tax duplicate in any of the other years mentioned. The finding shows

there was taxable property omitted in each of said years 1892, 1893, and 1894.

The conclusions of law in favor of appellee were not erroneous, and appellants not entitled to an injunction for another reason. It is stated in the special finding that in December, 1896, appellee, as auditor of Sullivan county served a notice on appellants under §142, Acts 1891, p. 257, §8560 Burns 1894, §6409 Horner 1897, a copy of which notice is set forth in the finding. It is stated in said notice that it is the purpose and intention of appellee as the auditor of said county to add certain property therein described to the tax duplicate for collection as omitted property, but it is nowhere found as a fact by the court that appellee had any such purpose or intention, or that he would have assessed any property against appellants as omitted property if not enjoined.

Said notice and the recitals therein, even if sufficient to authorize the court below, as the trier of the facts, to infer and find as a fact that appellee had such purpose and intention, and would add such property to the tax duplicate if not enjoined, would not authorize this court to draw such inference, because the same is one of fact and not of law, and must be found by the trier of the facts. *Craig* v. *Bennett*, 146 Ind. 574. This court cannot draw such inference, as nothing can be added to a special finding or verdict by inference or intendment. *Craig* v. *Bennett, supra*, p. 575, and cases cited. Even if adding such property to the tax duplicate against appellants would have been wrongful, and an act which a court of equity would enjoin, yet appellants were not entitled to an injunction to prevent appellee from doing that which it is not found he intended to do, and would do if not enjoined.

Finding no available error in the record the judgment is affirmed.