**THOMAS DODGE OF HIGHLAND, INC., Petitioner,**

v.

**STATE BOARD OF TAX COMMIS-SIONERS and State of Indiana, Respondents.**

**No. 71T05–8810–TA–00057.**

Tax Court of Indiana.

July 27, 1989.

Larry J. Stroble, Barnes & Thornburg, Indianapolis, Ernest J. Szarwark, Barnes & Thornburg, South Bend, Nick J. Thiros, Cohen & Thiros, Merrillville, for petitioner.

Linley E. Pearson, Atty. Gen. by Terry G. Duga, Deputy Atty. Gen., Indianapolis, for respondents.

FISHER, Judge.

Thomas Dodge of Highland, Inc. ("Thomas Dodge") petitions the court to set aside a final determination of the State Board of Tax Commissioners ("the Board"). Thomas Dodge challenges first, the Board's imposition of personal property tax on vehicles sold by Thomas Dodge to an out-of-state affiliate just prior to March 1, 1987, and second, the imposition of the personal property tax on property Thomas Dodge claims is real property.

I.

Thomas Dodge is an Indiana corporation engaged in the business of selling new Dodge manufactured vehicles and of selling used vehicles. Thomas Dodge's primary place of business is located in Highland, Indiana. Thomas Dodge is owned 80% by James Thomas. During February, 1987, Thomas Dodge sold and transferred 186 new vehicles to Thomas Dodge of Orland, Inc. ("Orland Dodge"). Orland Dodge is an Illinois corporation primarily engaged in the business of selling new Dodge manufactured vehicles and used vehicles in Orland Park, Illinois. Orland Dodge is owned 33% by the same James Thomas of Thomas Dodge. During February of 1987, Orland Dodge paid Thomas Dodge for the vehicles by check. The vehicles were removed from the books of Thomas Dodge and were not reported on the monthly financial statements submitted to Thomas Dodge's franchisor, Chrysler Corporation. Thomas Dodge also paid

Chrysler Credit Corporation for these vehicles to remove them from its floor plan financing. By March 1, 1987, the 186 vehicles were located at Orland Dodge.

On March 1, 1987, Thomas Dodge had in its inventory only eleven new vehicles, consisting of two cars and nine trucks. During March, 1987, Thomas Dodge rebuilt its inventory of new vehicles by purchasing 150 new vehicles from Chrysler Corporation.

The Board found that the only possible purpose for the sale of the 186 vehicles to Orland Dodge prior to March 1, 1987, was to avoid payment of the Indiana personal property tax. The Board therefore assessed the vehicles under IC 6–1.1–3–16 which states:

> Sec. 16. If, from the evidence before him, a township assessor determines that a person has temporarily converted any part of his personal property into property which is not taxable under this article to avoid the payment of taxes on the converted property, the township assessor shall assess the converted property to the taxpayer.

Thomas Dodge argues that the 186 vehicles sold to Orland Dodge cannot now be assessed by the Board under the statute because: (1) the Board has usurped the township assessor's exclusive authority provided in the statute, and; (2) because there has been no temporary conversion of the property. Because Thomas Dodge's second assertion is dispositive of this issue, the court will assume, without deciding, that the Board has the authority to assess property under IC 6–1.1–3–16.

Thomas Dodge asserts that there has been no "temporary" conversion of the property in question and, therefore, assessment of the property is contrary to law. The evidence shows that Thomas Dodge entered into bona fide sales of its 186 new vehicles to an out-of-state dealer. Orland Dodge paid Thomas Dodge for the vehicles, the vehicles were removed from the books of Thomas Dodge, Thomas Dodge paid Chrysler Corporation for the vehicles to remove them from its floor plan financing and all but 21 of the vehicles were not returned to this state. Thomas Dodge asserts that the 21 vehicles which did return to Indiana were repurchased to satisfy specific retail customer needs and not as a result of any prearranged transaction. There is no evidence to the contrary. It is true that Thomas Dodge had to restock its inventory after March 1, since its inventory was abnormally low on the assessment date. However, many retailers engage in legal "tax sales" to decrease their inventory by March 1 of each year and then increase their inventory, thereafter. Mere tax avoidance is not tax evasion. A taxpayer has the right to minimize or avoid taxes by any means which the law permits. *Ogden v. Walker* (1877), 59 Ind. 460.

Thomas Dodge relies on *Johnston v. State* (1937), 212 Ind. 375, 8 N.E.2d 590. In *Johnston*, the taxpayer transferred personal property out-of-state prior to March 1. The property was transferred to a trustee for the benefit of the taxpayer and the taxpayer's family. The taxpayer could revoke the trust with the family's consent. The Indiana Supreme Court stated:

> It is asserted that appellant parted with title to the property in question for the purpose of avoiding taxes, but, since appellant did in fact part with title and control of the property, as she had a legal right to do, her object or purpose is of no importance. *Id.* 8 N.E.2d at 594.

The Indiana Supreme Court held that the property transferred out-of-state to a trustee was not taxable. Similarly, Thomas Dodge has parted with its property. The vehicles were located in Illinois and were owned by Orland Dodge, on March 1.

The Board contends that the vehicles were still owned by Thomas Dodge since James Thomas has an interest in both Orland Dodge and Thomas Dodge. Although James Thomas has an approximate 30% share of Orland Dodge and an 80% share of Thomas Dodge, the two corporations have two separate legal identities and are not one and the same.

The Board also asserts that Thomas Dodge should be assessed according to its average yearly inventory since its inventory is remarkably low on the assessment

date each year. However under IC 6–1.1–1–2, the assessment date is fixed at March 1 of each year. The option to compute the tax based upon average inventory under IC 6–1.1–3–12 is given to the taxpayer and not to the Board.

Therefore, the court finds that the Board's determination with respect to the 186 vehicles is contrary to law.

## II.

Thomas Dodge also disputes the imposition of the personal property tax on property Thomas Dodge claims is real property. The Board asserts that its decision was supported by sufficient evidence and should be affirmed.

The Board assessed the property in question based on the evidence of Thomas Dodge's depreciation schedule. Listed on this depreciation schedule was a purchase in 1985 for $150,000 of "service equipment". The property was being depreciated for federal tax purposes on a five year useful life, which is consistent with personal property under federal law. The Board concluded that the "service equipment" was personal property and assessed it as such.

Thomas Dodge offered as evidence a list prepared by Thomas Dodge itemizing the "service equipment". According to this list, Thomas Dodge purchased the following in 1985:

| | |
|---|---:|
| Air conditioning and heating unit | $ 50,000 |
| Sprinkler system | 20,000 |
| Fence | 20,000 |
| Unit heaters attached to building | 10,000 |
| Lifts (hoists) | 9,000 |
| Exterior light poles | 31,000 |
| Misc. leasehold improvements | 10,000 |
| | $150,000 |

These items had been depreciated down to 40% of $150,000 by 1987.

Thomas Dodge argues that the Board should not have relied on the depreciation schedule in making its determination. The categorization of property as "personal" for federal income tax depreciation is not consistent with the categorization of property under state law. The Board's regulations classify the following items as real property: air conditioning, fence, sprinkler system, unit heaters and land improvements. See 50 I.A.C. 4.1–2–9. Under this regulation the $150,000 service equipment, except for the lifts and the exterior light poles as itemized by Thomas Dodge, is real property.

The Board rejected Thomas Dodge's itemized statement because it was "self-serving". The Board, alternatively, relied on the depreciation schedule even though the definitions of real and personal property for federal income tax purposes are inconsistent with the definition of real and personal property for Indiana property tax purposes.

The court finds that there has been no evidence presented that suggests that the service equipment is anything other than what Thomas Dodge has listed. The Board is bound by its own regulations and the property in question, except for the lifts and exterior light poles, is to be treated as real property for state tax purposes.

Accordingly, the State Board's determination is reversed and this cause is remanded to the State Board of Tax Commissioners for redetermination not inconsistent with this opinion.