The People of the State of New York ex rel. The German Looking Glass Plate Company, Appellant, *v.* Edward P. Barker and Others, Commissioners of Taxes and Assessments for the City of New York, Respondents.

*Corporation — assessment for taxation — verified statement of assets including a statement "the capital is worth par" — alleged error in the statement.*

When a corporation presents to the taxing officers having jurisdiction of it for the purpose of assessment, evidence as to the value of its assets, which is so full and complete as to establish the basic facts upon which its claim for reduction rests, and it is not contradicted by other facts within their knowledge and no good reason appears for doubting its truth, a refusal of such officers to decide in accordance with the evidence thus presented constitutes legal error.

A foreign corporation, liable to taxation in the city of New York upon the amount invested in its business there, and having a nominal capital of $1,000,000, of which $595,000 was paid in, was assessed for general taxation on its personal estate in the sum of $500,000. The corporation claimed a reduction to $20,132.88, and as the basis thereof presented to the taxing officers a verified itemized statement that the amount invested in its business, less debts, was $20,132.88, but also stating "the capital is worth par." The taxing officers thereupon reduced the assessment to $100,000, and the corporation sued out a writ of certiorari to review such final assessment.

*Held,* that while the figures presented by the corporation would not justify the taxing officers in their determination, the declaration in the statement that "the capital is worth par" was, in effect, an admission that the estate of the corporation, being the subject of valuation for the purposes of assessment, was equal in value at least to the amount of capital paid in, and on this basis and allowing for the indebtedness given in the statement, the determination of the taxing officers was authorized by the statement itself.

When a party has obtained from the taxing officers a reduction of his original assessment upon a verified statement seasonably made, he is precluded from thereafter obtaining from the courts, in a proceeding by certiorari to review

PEOPLE ex rel. GERMAN, ETC., CO. v. BARKER.　7

Hun.]　First Department, January Term, 1894.

the final assessment, a further reduction upon an allegation, then interposed for the first time, that the statement was erroneous.

Appeal by the relator, The German Looking Glass Plate Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 19th day of October, 1893, dismissing the relator's writ of certiorari issued to review an assessment for the purposes of taxation.

*Ten Eyck & Remington,* for the appellant.

*George S. Coleman,* for the respondents.

Parker, J. :

The relator, a foreign corporation organized under the laws of West Virginia, and having an office in the city of New York, has a nominal capital of $1,000,000, of which $595,000 has been paid in.

It was assessed for purposes of general taxation on its personal estate for 1892 in the sum of $500,000, the assessment being made pursuant to the provisions of chapter 37, Laws of 1855, section 1 of which provides that " All persons and associations doing business in the State of New York, \* \* \* and not residents of this State, shall be assessed and taxed on all sums invested in any manner in said business, the same as if they were residents of this State. \* \* \* "

The relator was notified of the assessment, and while the books of annual record were open for examination between the second Monday of January and the 1st day of May, 1892, it applied to have the assessed valuation reduced from $500,000 to $20,132.88, and filed with the commissioners a statement purporting to show its condition as of the second Monday of January, 1892. So much of the statement as purports to relate to the value of the estate of the corporation was as follows :

" The amount of the capital it has invested in business in the city of New York, including the value of its office furniture, safe, samples, fixtures, money in bank and otherwise used in business, will not exceed the sum of $　　　　. Importers of German looking glass plates.

| | | |
|---|---|---|
| " Cash ................................................ | $30,964 | 78 |
| " Good bills receivable........................... | 298,817 | 23 |
| " Open merchandise............................... | 10,084 | 73 |
| " Open accounts.................................. | 144,478 | 93 |
| | $484,345 | 67 |
| " Owe for mdse., including goods afloat............ | 464,212 | 79 |
| | $20,132 | 88 |

"The capital is worth par."

It has recently been decided in *People ex rel. E. E. I. Co.* v. *Barker* (139 N. Y. 55) that when a corporation presents to the taxing officers having jurisdiction of it for the purpose of assessment, evidence as to the value of its assets, which is so full and complete as to establish the basic facts upon which its claim for reduction rests, and it is not contradicted by other facts within their knowledge, and no good reason appears for doubting its truth, a refusal of such officers to decide in accordance with the evidence thus presented constitutes legal error. The commissioners, after making an examination of the statement which the relator presented to them, decided to reduce the assessment from $500,000 to $100,000, and the assessment was accordingly reduced. As the corrected assessment was still nearly $80,000 more than the relator insisted would be a proper assessment, we shall first inquire whether the evidence furnished by the relator justified the determination by the commissioners.

The figures presented by it of course do not, but the statement contained an admission which, it seems to us, authorized the decision made.

It declares that the capital is worth par ; the word " capital " in the connection in which it was used has a well-defined meaning, for it and " capital stock " are used indiscriminately to designate the estate of the corporation. COMSTOCK, J., in *People ex rel. Bank of the Commonwealth* v. *Commissioners* (23 N. Y. 192), cited and approved in *People ex rel. U. T. Co.* v. *Coleman* (126 id. 433). And such estate is the subject of valuation for the purposes of assessment. (*People* v. *Coleman, supra.*)

The stock of the corporation was $1,000,000, but only $595,000

had been actually paid in, and for that amount stock had been issued, and the natural meaning of the phrase employed, therefore, was, that the estate of the corporation was equal in value, at least to the amount paid in, or $595,000. Deducting from such amount relator's debts as per its statement, $464,212.70, and a valuation for the purpose of assessment results of over $130,000, which exceeds the corrected assessment by over $30,000.

If the views expressed be correct, it follows that the commissioners were authorized in the determination made by the statement itself. In this proceeding a referee was appointed to take testimony and report to the court, and the general manager of relator, who was the only witness called, denied the truth of the admission contained in the statement. He did not state what its actual value was, and it seems to us that the proof otherwise offered establishes that the estate of the corporation was at least of the admitted value.

The testimony shows that the relator owned at the time goods not accounted for as a part of its assets in the statement made amounting to $575,000, which, added to its admitted assets of $484,345.67, made a total of $1,059,345.67; deducting from such amount its debts, $464,212.97, and we have the actual value of the estate of the corporation, which is nearly $600,000. It thus appears that the admission contained in the statement was in fact true. The relator's reason for not including the value of the goods not accounted for was that the goods were in original packages and, therefore, exempt from taxation, its claim being that it was not only entitled to have the value of such goods deducted from the total value of the assets of the corporation for the purposes of taxation, but the indebtedness owing abroad and incurred in its purchase as well.

Whether its position in that regard be well taken, we shall not consider, because not necessary to the disposition of the case. We have referred to it because it tends to show that the admission was true, and it was likely made for that reason. Had the statement contained the facts proved here touching the amount of money invested in goods in original packages, as well as that relating to the value of its other assets and the amount of its debts, the statement

would have been consistent, and the question, which it attempts to present for the first time in this proceeding, would have been brought to the attention of the commissioners.

But that was not done, and if it be conceded that the evidence taken before the referee shows that such of its assets as were subject to taxation were of less value than that placed upon it by the commissioners, it cannot avail the relator in this proceeding, for the commissioners had a right to rely on the statement made, and if it was incorrect, the relator is without redress.

In *People ex rel. Mutual Union Tel. Co.* v. *Commissioners* (99 N. Y. 254), the deputy tax commissioner, having ascertained from the certificate of incorporation the capital of the relator, assessed it at the full amount. Afterwards notice was given that the books were open, but the relator made no application for a reduction until after the books had closed. The relator thereupon instituted a. proceeding to review the assessment under chapter 269 of the Laws of 1880, but the court held that, having failed to avail itself of the opportunity to remedy its grievance by application to the tax commissioners, its remedy was gone.

If the remedy there sought called for such a construction of the statute, clearly the court must deny redress to a party obtaining a reduction to one-fifth of the original assessment upon a verified statement seasonably made, and who then attempts to secure a still further reduction upon an allegation that the statement was erroneous in one particular.

The order should be affirmed, with fifty dollars costs and disbursements.

