The People of the State of New York ex rel. Keppler & Schwarzmann (a Corporation), Appellant, v. Edward P. Barker and Others, as Commissioners of Taxes and Assessments of the City and County of New York, Respondents.

*Taxation — a domestic corporation may deduct a debt resulting from its purchase, by notes, of the stock of another taxable domestic corporation — when a revised statement of its corporate liabilities is admissible.*

A domestic corporation, which gives its notes for the purchase of stock in another domestic corporation, taxable upon its capital (Laws of 1857, chap. 456, § 3), is entitled to deduct the amount of such notes from its taxable assets like any other debt.

In such a case, the provisions of section 2 of chapter 202 of the Laws of 1892, enacting that " no deduction shall be made or allowed for or on account of any debt or liability contracted or incurred in the purchase of non-taxable property or securities owned by him (the taxable inhabitant) or held for his benefit," do not apply, as these provisions relate only to property absolutely exempt from taxation and not to stock in a corporation which is taxable upon the capital and surplus which the stock represents.

The corporate stock purchased is not " non-taxable property " within the meaning of the act of 1892 (Chap. 202) on account of the provision of the Revised Statutes (R. S. pt. 1, chap. 13, tit. 1, § 7), providing that " the owner or holder of stock in any incorporated company, liable to taxation on its capital, shall not be taxed as an individual for such stock." The stock is taxed through the medium of the tax upon the property of the corporation issuing it, and the burden falls upon the individual holder of the shares.

Where a corporation, which deems itself aggrieved by an assessment, has, within the time limited for making complaint, revised a former statement already presented, and sent in a new statement of deductions for which it claims credit, and such revised statement has been acted upon by the tax commissioners, the commissioners will not be heard to insist that the first statement bars any consideration by the courts of the second one.

*Quære,* whether the tax commissioners may not refuse to consider the revised statement.

Appeal by the relator, Keppler & Schwarzmann (a corporation), from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 8th day of June, 1897, upon an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of June, 1897, quashing a writ of certiorari issued to review the action of the

respondents in assessing the property of the appellant for the purposes of taxation for the year 1896.

*John B. Green,* for the appellant.

*James M. Ward,* for the respondents.

Barrett, J.:

On January 13, 1896, the respondents assessed the relator, a domestic corporation, at the sum of $200,000 upon its personal property for the year 1896. On March 13, 1896, the relator filed with them a verified statement showing a taxable surplus of $46,379, and the respondents reduced the assessment to this sum. Thereafter, on March 25, 1896, the relator filed another verified statement, claiming a further reduction of $40,000 on account of two notes of $20,000 each. The debt represented by these notes was stated to have been incurred in the purchase of stock of the J. Otten Lithographing Company, a domestic corporation. On April 8, 1896, an affidavit of the relator's secretary was filed, giving particulars as to the debt.

The respondents contend, at the outset, that the relator is barred from insisting upon a reduction of the $40,000 by the failure to include it as a debt in the first statement filed. Their claim is that they came to a correct conclusion upon the facts first presented, and that this determination is final and binding upon the relator. *People ex rel. The German Looking Glass Plate Company* v. *Barker* (75 Hun, 6) is cited in support of this contention. That case, however, differs essentially from the present. There the relator filed but one statement with the commissioners. A reduction followed. The relator was still dissatisfied and obtained a writ of certiorari. In that proceeding the fact upon which the claim of a further reduction was made appeared for the first time. The relator was consequently seeking to reverse the commissioners' action on account of a fact never brought to their attention. A reversal solely upon such an outside fact would have been manifestly improper. As the court there said, it would have been contrary to the established rule that a dissatisfied taxpayer was bound under the act of 1880 (Chap. 269), to lay his complaint before the commissioners, as the act permitted,

before suing out a writ of certiorari. (*People ex rel. Mut. Union Tel. Co.* v. *Commissioners*, 99 N. Y. 254.) We have no such question here, since both statements, as well as the affidavits, were submitted to the respondents long before the expiration of the time limited for the making of complaints. Undoubtedly it is advisable for a relator to present his financial condition fully and accurately in his first statement. The commissioners should not be troubled needlessly, nor compelled to open again and again the question of a single assessment. Whether in the present case they could have refused to receive or act upon the second statement need not be considered, since in fact they did receive and act upon it. In their return they specifically state that they took the supplemental statement under advisement, and, after consideration, "confirmed" the assessment as originally modified. In other words, they adjudged that the facts shown in the second statement did not entitle the relator to a further reduction. That fairly raises the question presented upon this appeal. We will, therefore, proceed to consider it.

Chapter 202 of the Laws of 1892 (amending R. S. pt. 1, chap. 13, tit. 2, art. 2, § 9) provides that, in determining the amount of a taxpayer's personal property for purposes of taxation, "no deduction shall be made or allowed for or on account of any debt or liability contracted or incurred in the purchase of non-taxable property or securities owned by him or held for his benefit." Whether the stock of the J. Otten Lithographing Company, purchased by the relator, was "non-taxable property or securities," is the point to be decided. The Revised Statutes provide that "the owner or holder of stock in any incorporated company, liable to taxation on its capital, shall not be taxed as an individual for such stock." (R. S. pt. 1, chap. 13, tit. 1, § 7.) The lithographing company is a domestic corporation liable to taxation, and it is clear that the relator was not individually and directly taxable upon the shares. But we do not think this makes the stock "non-taxable" within the meaning of the act of 1892. "Non-taxable" naturally means not taxable at all. That is not true of the capital stock of a domestic corporation. There is express provision for its taxation in the act of 1857. (Chap. 456, § 3.) It is true that the proper basis for taxation under this statute is the capital and surplus of the corporation and not the value of the shares (*People ex rel. Union Trust Company* v. *Cole-*

*man*, 126 N. Y. 433), but this seems immaterial. Shares of stock simply represent the capital of the company, and, when that is taxed, to all intents and purposes the stock is taxed. Nor does the stockholder escape the burden. The loss may be said, theoretically, to fall upon the corporate entity, but the individual losers are the holders of the shares. Their dividends are reduced by the amount of the tax. To tax both the corporate property and the instruments representing it would be substantially double taxation, and it was, doubtless, this consideration which led to the insertion in the Revised Statutes of the provision above quoted. If this debt were held to be non-deductible, we should have the peculiar result that, by making a stock purchase on credit, one subjects himself to a tax which he would avoid by paying cash. If the relator had paid the $40,000 out of its funds, there can be no doubt that it would not have been individually taxable for the stock secured. Instead of that, it retained the money, *and has been taxed upon it*. It would be most unreasonable to hold that the debt incurred on this account is not deductible. The transaction left the relator richer by the stock and poorer by the debt. The stock should not be taxed because already, in substance, taxed to the relator's detriment; and the debt should, like any other debt, be deducted, because it reduces by so much the amount of the relator's net assets, upon which alone the State bases its demands.

The non-taxable property and securities intended by the act were undoubtedly those entirely exempt from taxation, such as United States and New York city bonds. This is made clear by the state of the law before the act was passed. A debt then contracted in the purchase of such exempt property was deductible, although incurred with the intention of evading the law. (*People ex rel. Thurman* v. *Ryan*, 88 N. Y. 142.) The very section of the Revised Statutes cited as the basis for this decision is amended by the act of 1892. The change was evidently made in view of the decision to remedy an evil against which the courts were helpless. It does not indicate any intention to vary from the long-settled policy exempting a stockholder from a direct tax upon his shares.

The act of 1892 also forbids the deduction of any debt "incurred for the purpose of evading taxation;" and the return states the belief of the respondents that this debt was so incurred, as one of

the reasons for their action. The facts alleged by them in support of this belief seem to us quite insufficient. In fact, upon our construction of the act, there could be no such evasion. The statute did not mean to refuse the deduction of a debt incurred for taxable property or securities, and hence deductible, simply because the party incurring the debt thought that it was incurred for non-taxable property, and hence non-deductible.

The order appealed from should be reversed and a reassessment directed in accordance with this opinion, with costs to the relator.

VAN BRUNT, P. J., RUMSEY, WILLIAMS and PATTERSON, JJ., concurred.

Order reversed and reassessment directed in accordance with opinion, with costs to relator.