(39 Misc. Rep. 467.)

PEOPLE ex rel. CORD MEYER CO. v. FEITNER et al., Tax Com'rs.

(Supreme Court, Special Term, New York County. December, 1902.)

1. CERTIORARI—REVIEW OF TAX ASSESSMENT—REFERENCE.
   On certiorari to review an assessment the court will order a reference to take testimony under Laws 1896, c. 908, § 253, providing that such testimony shall be taken where the application tenders a question of fact, and contains a statement of fact, which, if true, would require a reduction or cancellation of the assessment only when the application tenders such question.

2. TAXATION—CAPITAL STOCK—VALUATION.
   The taxable value of the capital stock of a corporation is ascertained by deducting from the value of its realty and personalty its debts and the assessed valuation of the realty.

3. SAME—EVIDENCE.
   Where the value of the realty of a corporation and its personalty amounts to $506,847, and the debts amount to $55,000, and a written statement to the tax commissioner shows the assessed value of its real estate as over $400,000, an assessment of $51,800 on the capital stock was proper, the actual value thereof not being stated, nor whether it was worth less than par.

4. SAME.
   Where a corporation has declared the assessed valuation of its real estate to be over $400,000, on a petition to review the assessment of its capital stock, from which the value of its realty should be deducted, a statement that such value was $460,000 should be given no weight.

Action by the people, on the relation of the Cord Meyer Company, against Thomas L. Feitner and others, commissioners of taxes, to cancel an assessment of its capital stock. Writ dismissed.

Sheehan & Collin (John L. Wells, of counsel), for relator.

George L. Rives, Corp. Counsel (George S. Coleman and Curtis A. Peters, of counsel), for respondents.

SCOTT, J. The relator seeks by this proceeding to obtain a cancellation of the assessment of its capital stock. The assessment was first placed at $500,000, but upon an application to the commissioners it was reduced to $51,800. The relator, being still dissatisfied, brings this proceeding. The property of the relator consists of both real and personal property, and the rule for ascertaining the taxable value of the capital stock is well established, and is conceded by the relator. That value is to be ascertained by adding together the actual value of its real estate and personal property and deducting therefrom the sum of its indebtedness and the assessed value of its real estate. People v. Barker, 144 N. Y. 94, 36 N. E. 13. The question as to whether or not the commissioners have erred in making the assessment is to be determined primarily by the preliminary statement made to the commissioners to enable them to fix the assessment and by the facts set forth in the application for a reduction. The court sits, not in the place of the taxing officers, but in review of their action, and for this reason can act only upon the case as presented to the commissioners, and not upon some new claim or new statement of facts contained in the petition for the writ of certiorari. It is to be presumed, and the law will presume, that in

the preliminary statement and in the application for reduction the relator stated the case as favorably for itself as an adherence to the exact facts of the case will permit. It will also be presumed that when it makes its preliminary statement and application for reduction it actually knows its own financial condition. Section 253 of the tax law, providing for taking evidence in certiorari proceedings, does not require that such evidence shall be taken in every proceeding, but only where the application for a reduction of the assessment tenders a question of fact, and contains a statement of fact, which, if taken as true, would require a reduction or cancellation of the assessment. If, upon the admitted facts as shown by the preliminary statement and the application for reduction, it clearly appears that the assessment of the capital stock was not excessive, there is no occasion for taking evidence. In the preliminary statement the relator stated that its total gross assets, including real estate, were $506,847.01, and that of this total the real estate amounted to $500,-000, and its personal property $6,847.01. It further stated that the real estate had been paid for in stock, and that the actual value at which such real estate is carried on the books of the corporation as an asset was $500,000. It omitted to state the actual value of the capital stock, or whether it was worth less than par. In its application for a reduction of the assessment it made no reference to or claim respecting the actual value of its real estate. The commissioners were, therefore, clearly justified, in considering the application for a reduction of the assessment, to take the real estate as of the actual value of $500,000, and there is nothing in either the preliminary statement or the application for reduction to suggest any question as to this valuation, or to call for the taking of evidence relating thereto. No question is made as to the value of the personal property. In stating the assessed value of its real estate the relator was singularly disingenuous. The blank furnished by the respondents upon which the preliminary statement was made asked for the assessed value of the real estate, and requested that it be described by ward and ward map numbers. The statement made in response to this question was: "Not all the real estate of the company is located in New York City. It has several hundred parcels in various boroughs, which have been assessed at over $400,000." In its application for a reduction of the assessment it made no reference to or claim respecting the assessed value of its real estate, and by refusing to give any particulars as to the location of its real estate the commissioners were precluded from ascertaining for themselves what the assessed valuation actually was. Any excess over $400,000, even $1, would have satisfied the statement that the assessed valuation was over $400,000. Assuming, as they had a right to assume, that the relator knew its own affairs, and made as favorable statement for itself as the truth would warrant, the commissioners were fully justified in taking the assessed value of the real estate to be but an inconsiderable sum above $400,000. There is certainly nothing in the preliminary statement or in the application for reduction to suggest any question as to the assessed valuation of the real estate, or to call for the taking of evi-

dence relating thereto. In the petition for the writ of certiorari the relator seems to be still in some doubt as to what it should claim the assessed value of its real estate to be, but, as if to meet and overcome the present assessment, it states the assessed value to be over $460,000, which, as it alleges, exceeds the real value. These expanded claims are raised for the first time by the petition, and, not having been incorporated into either the preliminary statement or the application for reduction, and never having been laid before the commissioners, cannot now be considered or made the basis for a reduction of the assessment in this proceeding. "The commissioners had a right to rely upon the statements made, and, if they were incorrect, the relator is without .redress. People v. Barker, 75 Hun, 6, 26 N. Y. Supp. 971. Taking the statement presented by the relator to the commissioners, it appears that the total gross assets included real estate valued at $500,000 and personal property at $6,847.01, making total gross assets of $506,847.01. Its indebtedness was $55,-000, and the assessed value of its real estate "over $400,000." If that assessed value were exactly $400,000, the total deduction to be made from the gross assets would be $455,000. The taxable value of the capital stock in that case would be $51,847. It was assessed by the commissioners at $51,800, so that they apparently considered that the assessed value of the real estate might have been "over $400,-000" by the sum of $47, a sum quite consistent with the statement made by the relator. It appears, therefore, that the commissioners, in finally fixing the assessment of the relator's capital stock, accepted and acted upon the relator's own statements. There is, therefore, nothing upon which to take evidence, and nothing to impeach the accuracy of the assessment. The writ must, therefore, be dismissed, with costs.

Writ dismissed, with costs.