THE PEOPLE ex rel. THURBER, WHYLAND COMPANY, Appellant,. v. EDWARD P. BARKER et al., Commissioners of Taxes, etc., Respondents.

Foreign corporations are included within the terms of the act of 1855 (Chap. 37, Laws of 1855) subjecting non-residents doing business in this state to assessment and taxation on all sums invested in such business.

A person or corporation liable to assessment and taxation under the act is not entitled to a deduction of debts.

(Argued January 15, 1894; decided January 23, 1894.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made October 13, 1893, which affirmed an order of Special Term dismissing a writ of certiorari to review an assessment by defendants upon the personal property of plaintiff for the year 1890 and ratifying and confirming the same.

The facts, so far as material, are stated in the opinion.

*L. C. Waehner* for appellant. The relator is organized under the laws of the state of New Jersey, and that state is, therefore, its domicile, and it is a non-resident. (Laws of 1855, chap. 37; *People* v. *McLean*, 80 N. Y. 259; *B. C. L. Ins. Co.* v. *Com. of Taxes*, 1 Keyes, 303; *Parker Mills* v. *Com. of Taxes*, 23 N. Y. 242.) This is the only statute regulating the taxation of foreign corporations for local purposes, and therein alone must be found the power and method of assessing and taxing them. (*People* v. *McLean*, 80 N. Y. 259; *Parker Mills* v. *Com. of Taxes*, 23 id. 242.) The basis — and the only basis — for assessment and taxation under the act is on all sums invested in any manner in said business. (*People ex rel.* v. *Wemple*, 133 N. Y. 323; *People* v. *McLean*, 80 id. 259; *People ex rel.* v. *Com. of Taxes*, 23 id. 224.) The same system of assessment and taxation prevails in the cases of foreign corporations, etc., as applies to and regulates the assessment of and taxation of residents. (*In re Swift*, 137 N. Y. 84; *People ex rel.* v. *Wemple*, 133 id. 325.) The bills;

1894.] People ex rel. T. W. Co. *v.* Barker et al. 119

N. Y. Rep.] Opinion of the Court, per Peckham, J.

receivable and moneys owing to the relator are not " in law " sums invested in its business. (Laws of 1883, chap. 392 ; *People ex rel.* v. *Wemple,* 133 N. Y. 328.)

*D. J. Dean* for respondents. Under the scheme of the statute for the taxation of non-resident persons and corporations no deduction for debts from the amount of capital invested in business of the state of New York is authorized. (*People ex rel.* v. *Comrs., etc.,* 4 Hun, 596 ; *Hoyt* v. *Comr. of Taxes,* 23 N. Y. 224; *Williams* v. *Bd. Suprs.,* 78 id. 561.) If, however, the relator is entitled to a deduction for its debts, as a resident would be, then the respondents were authorized to include in the capital invested in this state the sums due to it. (1 R. S. 388, 390, §§ 3, 9.)

Peckham, J. The relator complains of the amount of its assessment for purposes of taxation because, as is alleged, its indebtedness was not deducted therefrom by defendants. It is a foreign corporation having, according to the affidavit made by its president, a principal office at 76 Montgomery street, Jersey City, New Jersey, in which state it was organized under the laws thereof. Its office in New York city is stated to be at 116 Reade street.

It also appeared by the affidavit that the company was organized with a nominal capital of $3,000,000, of which $2,500,000 had been issued, $100,000 for cash and the rest for property consisting of merchandise, trade marks, good will, etc. On January 11, 1892, it owned merchandise within the state, exclusive of imported goods in original packages, of $500,000 in amount. It also had accounts and bills receivable owing to it within the State of New York of about $200,000, cash in bank about $20,000, and other personal property in the state of about $50,000, or a total of $750,000. It owed on the day above named in New York city, open accounts of about $150,000, and bills payable $1,068,904.42, or a total indebtedness of $1,218,904.42. It was further stated in the affidavit that the balance of the capital was employed

outside the city of New York, principally in the form of accounts receivable, amounting to about $1,400,000. The tax commissioners assessed the personal property of the relator at the sum of $500,000, after hearing the relator and considering its demands, and they decided that sum to be just and the amount for which the personal estate of the relator was lawfully assessable for the year.

The relator claimed that the indebtedness above set out should be deducted from the sum of $750,000, which it stated was the utmost amount of its property that could, under any circumstances, be regarded as invested in any manner in business in this state, and that if such deduction were allowed, there was no sum remaining upon which to make any assessment. Objection was made by it to the addition of any part of the above-named sum of $1,400,000 to the sum of $750,000, because, as it alleged, the former sum was employed outside the city of New York and was principally in the form of accounts receivable. The claim was that, as to such accounts, they had no *situs* in and of themselves and were mere choses in action, and took in law the *situs* of their owner, and that *situs* was its domicile in New Jersey. It was, therefore, urged that no part of such sum could be regarded as invested in any manner in the business of the relator in the city of New York.

Prior to 1855, great numbers of persons doing business in this state, and having large amounts of moneys invested within its borders, nevertheless chose to reside just outside its confines. Although these persons were non-residents of the state, yet they came daily within its boundaries for the purpose of doing business here, and had here large amounts of capital invested in their business, and yet under our laws they could not be reached for taxation. Their names could not be put upon an assessment roll because they did not reside in any town or ward where an assessment could be made, and they had no agents or trustees who resided in the state against whom any assessment on account of such property could be made. To reach the non-resident for the purpose of subject-

ing such property to taxation was the object of the act, ch. 37 of the Laws of 1855. (*People ex rel. Hoyt* v. *Commrs. of Taxes*, 23 N. Y. 224.)

Section one of the act reads as follows :

"All persons and associations doing business in the state of New York as merchants, bankers, or otherwise, either as principals or partners, whether special or otherwise, and not residents of this state, shall be assessed and taxed on all sums invested in any manner in said business, the same as if they were residents of this state, and said taxes shall be collected from the property of the firms, persons or associations to which they severally belong."

We are of the opinion that this act does not contemplate the deduction of debts from the sums invested in this state by non-residents. As the person is a non-resident, it is to be assumed that he will, at the place of his domicile, have all of what might be termed his equities adjusted, and that if entitled to it anywhere it will be at such domicile that he will claim and be allowed the right to have such deduction. In his case the statute of 1855 seizes upon the certain, specific sum which he has here invested in the business carried on by him, and that sum is to be assessed and taxed the same as if the person were a resident of the state. In using the expression " the same as if they were residents of this state," we do not think it was intended that exceptions were to be allowed here the same as if the party were a resident, or that deductions from the sum thus invested should be made as if that were the case. It meant, as it seems to us, that the sum invested in any manner in business in this state should be assessed in the same manner and form as a resident would be assessed.

Foreign corporations are included within the terms of the act of 1855. (*Life Ins. Co.* v. *Commrs. of Taxes*, 1 Keyes, 303, cited in *People ex rel. Bay State, etc.,* v. *McLean*, 80 N. Y. 254 at 259.) Hence it was said that a foreign corporation doing business in New York was properly taxable in the city of New York, where its principal place of business or office of the agency existed. And in this last-cited case in 80th New York, it is said that the act of 1855 points out the mode

of taxation, viz., " the same as if they were residents of this state ; " and in referring to the mode of taxing a resident corporation it is found that it is to be taxed in the town or ward where it has a principal office or place for the transaction of its financial concerns. The foreign corporation is not to be taxed in all things the same as if it were a resident, because the statute expressly provides that it is only to be taxed for the sum invested in business in this state, and in order to tax it upon that sum no indebtedness should be allowed. The percentage, the form, the mode of the assessment and taxation upon the specific sum invested in business in this state are to be the same as if the person were a resident, but inasmuch as all the subjects of assessment against a non-resident are not within the jurisdiction of the state, but only the sum here invested, it is plain that it was never contemplated by the legislature that such non-resident should have the right to make deductions from that sum by reason of debts, while the taxing authorities would have no right to balance such deductions by an assessment of other property of the non-resident not situated within the state. The resident has no right to deduct his indebtedness from any specific piece of personal property, or from any special chose in action. In a general way it may be said that he is to be charged with all his personal property, and from that total he may deduct his debts. This cannot be done in the case of a non-resident, although it may (as we may assume) be done at his domicile. All we are to do is to assess and tax the sum here invested, and the equities must, as we have said, be adjusted at the domicile of the person.

The assessment of a domestic corporation is made after a deduction for debts, because its capital and surplus are to be assessed at their actual value, which cannot be arrived at without considering and deducting debts. A foreign corporation is not to be thus taxed, and no inquiry is made as to the actual value of such capital or surplus, and as such value is not to be assessed or taxed, the debts should not be deducted from specific property here invested.

The relator having no right to deduct its debts from the sum it had invested in its business here, it is unnecessary to discuss the question whether the amount of the debts due it should be regarded as any part of the sum invested in its business in this state, because the sum assessed by the defendants is less than the amount which the affidavit of the president of the relator shows was invested in its business in this state at the time of such assessment, exclusive of those accounts.

The order of the General Term should, therefore, be affirmed, with costs.

All concur.

Order affirmed.