The People ex rel. Sarah J. Bird, Appellant, *v.* Edward P. Barker et al., Commissioners of Taxes, etc., Respondents.

As a special partner is not personally liable for any of the partnership debts, in the assessment of his personal property for the purposes of taxation he is not entitled to a deduction of any portion of the indebtedness of the firm under the provision of the Revised Statutes (1 R. S. 390, 391, § 9, sub. 4), as amended in 1892 (§ 1, chap. 202, Laws of 1892), which authorizes a deduction of "the just debts owing by him."

Where, therefore, a non-resident, who had no property within the state except a sum contributed by her as a special partner to a partnership, was assessed the amount so contributed under the provision of the act of 1855 (§ 1, chap. 37, Laws of 1855), which provides that non-residents doing business in this state as special partners "shall be assessed and taxed on all sums invested in any manner in said business the same as if they were residents," *held*, that she was not entitled to any deduction on account of the partnership indebtedness.

(Argued February 25, 1895; decided March 12, 1895.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made October 12, 1894, which affirmed an order of Special Term quashing a writ of certiorari to review an assessment of $50,000 against the relator for the year 1893.

The facts, so far as material, are stated in the opinion.

*Sandford R. Ten Eyck* for appellant. That part of the act of 1892 which declares that no debt, contracted in the

240          People ex rel. Bird *v.* Barker et al.          [Mar.,

Opinion of the Court, per Peckham, J.          [Vol. 145.

purchase of non-taxable property, shall be deducted in making assessments for personal property, is void under the Constitution of the United States. (*Brown* v. *Maryland*, 12 Wheat. 419; *People* v. *Comrs.*, 67 U. S. 620; *People* v. *Comrs.*, 69 id. 200; *Cook* v. *Pennsylvania*, 97 id. 566; *Leisy* v. *Hardin*, 135 id. 100.) This law is also repugnant to the fourteenth amendment to the Constitution of the United States and to the Constitution and laws of this state. (*G. R. R. Co.* v. *Pennsylvania*, 104 U. S. 232; *Detroit* v. *Osborne*, 135 id. 492; *People* v. *Ryan*, 88 N. Y. 142; *Gilman* v. *Sheboygan*, 67 U. S. 510; *P. L. I. Co.* v. *Massachusetts*, 77 id. 611; *People* v. *Weaver*, 100 id. 638; *Suprs.* v. *Stanley*, 105 id. 305; *Robbins* v. *S. Co.*, 120 id. 489.)

*David J. Dean* for respondent. The order quashing the writ was not appealable to this court. (*People ex rel.* v. *Comrs.*, 85 N. Y. 655; *People ex rel.* v. *Police Comrs.*, 82 id. 507.) The assessment is authorized by chapter 37, Laws of 1885, and the relator is entitled to no deduction on account of debts. (*People ex rel.* v. *Comrs., etc.*, 4 Hun, 596; *Hoyt* v. *Comrs., etc.*, 23 N. Y. 234; *Williams* v. *Bd. Suprs.*, 78 id. 561.)

Peckham, J. This is an appeal by the relator from an order of the General Term of the first department affirming an order of the Special Term quashing a writ of certiorari issued to review an assessment made against relator for the year 1893. It appears that the relator is a non-resident of this state, and has no property within its jurisdiction except the sum of $30,000, which she contributed to the firm of Boyd, Sutton & Co. as a special partner under the Special Partnership Act of this state. On the 9th day of January, 1893, the day fixed by law for making assessments in New York city, the condition of the firm of Boyd, Sutton & Co. was as follows:

| | |
|---|---|
| Imported goods in original packages.......... | $130,782 00 |
| Imported goods in broken packages........ . | 11,493 00 |
| Domestic goods ........................... | 11,901 00 |

| | | |
|---|---|---|
| Debts due............................... | $115,173 | 00 |
| Cash on hand........................... | 13,275 | 00 |
| Making its total assets.................. | $282,624 | 00 |

At the same time the said firm was indebted as follows:

| | | | |
|---|---|---|---|
| For imported goods.............. | $133,633 | | |
| For domestic goods.............. | 11,103 | | |
| For borrowed money............ | 31,215 | | |
| | | 176,951 | 00 |
| Leaving its net assets.................. | | $105,673 | 00 |

The relator urges that after deducting the amount of imported goods in original packages there was but $151,842 of taxable property belonging to the firm, while its debts amounted to $176,951, and she claims that these facts show there was nothing upon which to base an assessment against any member of the firm.

By section 1 of chapter 37 of the Laws of 1855 it is enacted as follows:

"All persons and associations doing business in the state of New York, as merchants, bankers or otherwise, either as principals or partners, whether special or otherwise, and not residents of this state, shall be assessed and taxed on all sums invested in any manner in said business the same as if they were residents of the state, and said taxes shall be collected from the property of the firms, persons or associations to which they severally belong."

By subdivision 4 of section 9 of the Revised Statutes (1 Rev. St. 390, 391), as amended by section 1 of chapter 202 of the Laws of 1892, provision is made for deducting just debts owing by the party assessed from the taxable personal property owned by him, " but no deduction shall be made or allowed for or on account of any debt or liability contracted or incurred in the purchase of non-taxable property or securities owned by him or held for his benefit," etc. The relator says that the defendants refused her application to deduct

from her assessment any portion of the amount owed by the firm for imported goods ($133,633) under the authority of the above-quoted amendment to the Revised Statutes. She admits that such act is authority for the defendants' refusal, if constitutional, but she denies its validity as to that portion which declares that no debt contracted in the purchase of non-taxable property shall be deducted in making assessments, and she alleges that under subdivision 3 of section 8 of article 1 of the Federal Constitution, which gives power to Congress to "regulate commerce with foreign nations and among the several states, and with the Indian tribes," and also under subdivision 2 of section 10 of the same article, which provides that "no state shall without the consent of the congress lay any imposts or duties on any imports or exports save what may be absolutely necessary for executing its inspection laws," such act of the legislature of this state is void either as a regulation of commerce or as laying imposts or duties on imports. The defendants, while asserting the statute to be valid, at the same time claim that relator cannot deduct indebtedness at any place other than her residence in New Jersey, and cite *People ex rel. Thurber-Whyland Co.* v. *Barker* (141 N. Y. 118) as authority for their contention.

We do not think that the validity of the act in the matters alluded to is necessarily involved in the decision of this case, and we decide it without reference to that question. Under the act of 1855 provision is made for the assessment of all persons doing business in this state who are non-residents thereof, either as principals or partners, whether special or otherwise, and the assessment and taxation of such non-residents are to be on all sums invested in any manner in business as stated in the act, the same as if they were residents of the state. The reason for the enactment of this statute and its proper construction have been alluded to in cases decided by this court. (See *Hoyt* v. *Commrs. of Taxes,* 23 N. Y. 224; *People ex rel. Thurber-Whyland Co.* v. *Barker,* 141 id. 118; *People ex rel. Bay State Shoe, etc., Co.* v. *McLean,* 80 id. 254.) As a non-resident is to be assessed under the act the

same as if he were a resident of the state, we find upon look-
ing at the manner in which assessments against a resident are
to be made (1 Rev. St. above referred to), that the assessors
are to prepare an assessment roll, in which they shall set down
in four separate columns, and according to the best informa-
tion in their power : In the first, second and third columns,
various matters not herein material.

" 4. In the fourth column, the full value of all the taxable
personal property owned by such person after deducting the
just debts *owing by him,*" etc.

The relator in this case is a special partner of the firm above
mentioned. She deposited with the general partners in that
business the sum of $30,000 in cash, and, under the provis-
ions of the Special Partnership Act, she is not personally
liable for any of the debts of such partnership. So far as she
is concerned she risked $30,000 of her property by investing
it as special partner in that firm, but so long as she complies
with the provisions of the statute, and remains 'a special part-
ner, she is personally liable for no debts of the firm. No debts
of the partnership could be collected from her individually,
because she is not liable for and does not owe any such debts,
and as she is not liable for and does not owe any portion of
them, the statute does not provide that she may deduct from
the amount of money which she has invested in the partnership
any portion of the debts of such partnership. The debts to be
deducted are the just debts of the individual who is to be
assessed, and how can it be said that she owes any debts when by
the very terms of the Special Partnership Act she is not liable
for them in any event so long as she complies with the provis-
ions of that act and does not become a general partner ? If
the facts showed that the firm was insolvent and so the fund
contributed by the relator had been lost in the business ventures
of the firm, such a condition would show that the relator no
longer had the fund which she originally invested with the
firm, and so she would not be a fit subject for assessment. Here,
however, the firm has assets largely above its indebtedness and
more than the $30,000 originally invested by the relator, and

it, therefore, appears that her contribution is intact. The fact that the firm owes debts for the purchase of non-taxable property is, in such case, immaterial. She owes nothing.

Without deciding the constitutional question which has been presented to us, we hold that the relator was not entitled to deduct any portion of the indebtedness of the firm because she did not owe any portion thereof. We decide nothing else.

For these reasons the order of the court below should be affirmed, with costs.

All concur.

Order affirmed.