Per Curiam
Order affirmed, with costs, on opinion of court below.
The opinion of Mr. Justice Patterson at special term is as follows:
The questions discussed in this proceeding arise upon a writ of certiorari to review an assessment made by the tax commissioners for the purposes of taxation of the property of the relator within the state of New York, and upon the return to such writ, and what purport to be proofs taken before the referee, and sent up as forming part of the record before the court, The relator is a foreign corporation. The tax commissioners have fixed and assessed the amount on which the relator is to pay taxes for the year 1893 at $1,500,00U. This sum was ascertained by deducting debts of the company due in the state of New York from the sums of money invested in the state in the business of the relator, exclusive of the amount invested in real estate, and separately taxed. The items constituting in the judgment of the commissioners the amount invested in business of the relator, etc., are as follows, viz.: Machinery and tools, $700,000 ; office furniture, $7,500; horses and trucks, $32,000; cash (in bank), $25,000; merchant *756 able stock, $2,500,000; bills receivable (estimated), $500,000,— $3,764,500. From that total a deduction of $2,264,000 was made for the debts referred to: The theory of the commissioners in fix-, ing the assessable amount recognizes to some extent that debts oE the relator were to be allowed In diminution of the principal sum otherwise taxable, but they limited such allowance to debts due in the state of New York. The present claim of the relator is that, having adopted that mode of ascertainment, the commissioners should have gone further, and allowed in reduction all indebtedness of the corporation, wheresoever payable and to whomsoever due, and that, as the unchallenged statement before the commissioners proved that the corporation owned over $5,000,000 in the aggregate, there was nothing left for taxation. That the commissioners were mistaken in their theory of the assessment is true, but their error was one greatly to the advantage of the relator. Instead of deducting debts due in the state of New York, in strictness of law they should have made no allowance for debts at all. Foreign corporations are taxed on all sums of money invested in any manner in their business in the state of New York. Domestic corporations are taxed on capital and surplus, to be assessed- at actual value. Hence, as to the latter corporations, indebtedness must be deducted before actual value can be ascertained; but, respecting the first-named corporations, the taxation seems to be specific upon the amount invested, without reference to the business or other obligations of the company. Such is the direct result of what was recently held by the court of appeals in People ex rel. Thurber- Whyland Co. v. Barker, 141 N. Y. 118 ; 56 St. Rep. 586. The present attitude of the relator upon this branch of the case' cannot be approved. The contention, in effect, is that, because the commissioners erred to a certain extent, the court must compel them to aggravate their error, in order that they may be logical and consistent. The learned counsel for the relator have presented a very interesting argument, treating as an original question, and one open to debate, the right of foreign corporations to have their general indebedness deducted before a'determination can be made as to moneys or amounts actually invested in. their business within this state; but the whole matter was set at rest by the decision of the court of appeals above cited, and the reasoning of the court in the opinion delivered in that case. Other objections are urged by the relator concerning the bank balance and certain bills receivable, the amounts of which are included in the assessment. As those objections were not stated, nor brought before the commissioners, they cannot be considered here ; and it may be said also that it is unnecessary to discuss them, “because the"sum assessed by the defendant is less than the amount which the affidavit of the president of the relator shows was invested in the business in this state at the time of the assessment.” (Thurber Whyland Case, supra); indebtedness being excluded from the computation. The writ must be dismissed.