THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANFORD N. BAR-
NEY, Appellant, v. EDWARD P. BARKER and Others, Commission-
ers of Taxes and Assessments of the City of New York,
Respondents.

*Tax — exemption from a tax levied on non-residents under chapter 37 of the Laws
of 1855 — when an indebtedness may be deducted.*

In order that a non-resident owner of personal property invested in business in
the State of New York, taxable under chapter 37 of the Laws of 1855, may
obtain exemption from such tax, he must show that his indebtedness to citi-
zens of the State of New York (such indebtedness not having been incurred
in the purchase of the taxable property) is in excess of all the other personal
property owned by him taxable under the laws of the State of New York.

The fact that the State of his domicile does not permit him to deduct the amount
of his indebtedness from the property there taxed, is immaterial where it does
not appear that he has not other property subject to taxation sufficient to pay
his indebtedness.

APPEAL by the relator, Danford N. Barney, from an order of the
Supreme Court, made at the New York Special Term and entered
in the office of the clerk of the county of New York on the 23d
day of September, 1896, dismissing a writ of certiorari issued to
review the action of the respondents in assessing the property of
the relator for taxation.

*H. M. Whitehead*, for the appellant.

*James M. Ward* and *Francis M. Scott, Corporation Counsel*, for
the respondents.

INGRAHAM, J. :

The relator, a resident of the State of Connecticut, was a special
partner in the copartnership of H. C. Hardy & Co., doing business
in the city of New York, the amount of the capital that he had
contributed to such special partnership being the sum of $75,000,
and, at the time of the assessment in question, such sum of $75,000
was invested in this State as a contribution of capital to such copart-
nership. The respondents assessed the relator as a non-resident,
having special capital invested in this State, and fixed the amount of
such investment subject to taxation at the sum of $75,000.

By chapter 37 of the Laws of 1855 it is provided that " All persons and associations doing business in the State of New York, as merchants, bankers or otherwise, either as principals or partners, whether special or otherwise, and not residents of this State, shall be assessed and taxed on all sums invested in any manner in said business, the same as if they were residents of the State ; and said taxes shall be collected from the property of the firms, persons or associations to which they severally belong." The relator objected to this assessment as erroneous, not upon the ground that he had not actually invested in business in this State the sum of money which the respondents assessed as subject to taxation, but upon the ground, as he alleged, that he owed money to citizens of this State to an amount in excess of that for which he was assessed. He claimed that he was entitled to deduct the amount of such indebtedness from this particular investment in this business. It appeared that the relator was indebted in a sum of about $77,000 upon bonds secured by mortgages on real property within this State, and $75,000 which he owed to the Union Trust Company in this city. Whether or not the said indebtedness to the Union Trust Company is secured by liens upon personal or real property is not stated, nor does the relator state that he has no property within this State other than the $75,000 invested in this special copartnership. In fact, there seems to be no statement to show that he has not other taxable property exceeding in value the amount of this indebtedness. He says that the State of Connecticut, in which he resides, will not allow him to deduct from the assessment which it imposes upon the property that he owns the amount of this indebtedness, but no statement is made that he is not the owner of personal property taxable according to the laws of this State, far in excess of the amount of his indebtedness. He has a sum of money invested in business here, under the protection of the law of this State, which, by the law of this State is subject to taxation, and he seeks to avoid his contribution to the expense of protecting this property, because he happens to be indebted in an amount which exceeds the value of this property, without stating the amount of his other personal property, which, under our law, would be subject to taxation.

The relator relies upon the case of *People ex rel. Milling Co.* v. *Barker* (147 N. Y. 34). In that case the case of *Peo-*

ple ex rel. Thurber-Whyland Co. v. Barker (141 N. Y. 118) was explained, and it was held that what was decided was that, where a foreign corporation had assets at its home office, enough to permit a deduction of all indebtedness asserted, and where there was no claim that any part of such indebtedness had been incurred in the purchase of property in this State which formed the basis of the assessment, the place for the deduction of general indebtedness was the residence of the person or corporation, and that the sum invested here should not be diminished by a deduction of any part of such general indebtedness. It seems to me that what was decided in the Thurber-Whyland case, as here explained, is decisive of this case. The relator has a certain specific sum of money invested in business in this State which is subject to taxation. To establish its exemption he must show, not that he owes an equal amount of money here, the indebtedness not having been incurred in the purchase of the property subject to taxation, but that such indebtedness is in excess of all other personal property owned by him, which is subject to taxation under the law of this State; and the Milling Company case which thus qualifies the Thurber-Whyland Company case, is an authority for this conclusion. There the court was determining the amount of property that a foreign corporation had in this State subject to taxation, and it was held that, where such corporation brought a sum of money within this State, and with it purchased specific personal property, giving such sum of money as part payment for the purchase price of such specific personal property, under such circumstances the amount of money invested by the corporation in this State was the amount that it had paid for the property, and not the total value of the property; and in determining this question the court said : "This treatment of the question is not in fact to be regarded in the light of a strict deduction of debts from assets; it is construing the meaning of the statute, and determining what in reality is the sum invested by a non-resident individual or corporation, under these circumstances, in the business in which he or it is engaged in this State. It is not adjusting the equities as spoken of in the Thurber-Whyland case, which we then held should be done at the place where the corporation was a resident. It is a different thing from ascertaining the general and gross assets of a non-resident to be found within the State, and

from that sum deducting all its debts whenever and upon whatever cause incurred. *The non-resident corporation investing a sum of money in this State is to be assessed for the full sum it invests here, although it may owe debts enough outside of such investment to render it insolvent.* The indebtedness it has incurred in the transaction from which the purchase of the property is the result, is no part of the sum it has invested in such purchase, and no assessment can be made which includes the amount of that indebtedness." In considering what was decided in the *Milling Company* case, we should keep in mind the statement of the court in that case in referring to the *Thurber-Whyland* case, that "it would be but another illustration of the truth and importance of the principle which makes it necessary to construe the language used in judicial opinions strictly with reference to the facts which exist in the case which is decided."

Applying the principle established in these two cases, we think the fact before the commissioners of the investment of this sum, $75,000, by the relator as special partner in this copartnership in the State of New York, justified them in assessing him in that amount for property in this State subject to taxation; and the mere fact that he was indebted to others in a sum exceeding that $75,000, without showing that his other personal property subject to taxation by the laws of this State was not equal in amount to said indebtedness, did not, under the statute referred to, require the respondents to exempt such property invested in this State from taxation. The Court of Appeals, in the *Thurber-Whyland Case* (*supra*), in speaking of the act (Chap. 37, Laws of 1855) say: "We are of the opinion that this act does not contemplate the deduction of debts from the sums invested in this State by non-residents. As the person is a non-resident it is to be assumed that he will, at the place of his domicile, have all of what might be termed his equities adjusted, and that, if entitled to it anywhere, it will be at such domicile that he will claim and be allowed the right to have such deduction. In his case the statute of 1855 seizes upon the certain specific sum which he has here invested in the business carried on by him, and that sum is to be assessed and taxed the same as if the person were a resident of the State. In using the expression 'the same as if they were residents of this State,' we do not think it was intended

that exceptions were to be allowed here the same as if the party were a resident, or that deductions from the sum thus invested should be made as if that were the case. It meant, as it seems to us, that the sum invested in any manner in business in this State should be assessed in the same manner and form as a resident would be assessed." What is here said applies as well to the facts appearing in this case as to the facts appearing in the case in which that opinion was delivered, and it would certainly not justify an exemption from such property here invested from taxation, unless it was expressly made to appear that all of the other property of the person taxed was not sufficient to pay the indebtedness which he sought to have deducted.

It is not, however, necessary to determine in this case whether or not such a condition of indebtedness would require the tax commissioners to deduct the amount of such indebtedness from the assessed value of the property here invested. What we do here decide is, that where there is property within this State subject to taxation, the owner of such property is not entitled to deduct the amount of money that he owes within this State simply because the State of his domicile refuses to allow him to deduct his debts from property which it there taxed, and where it does not appear that he has not other property subject to taxation sufficient to pay his indebtedness.

We think the decision below was right, and the order appealed from is affirmed, with costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and O'BRIEN, JJ., concurred.

Order affirmed, with costs.