PEOPLE ex rel. YELLOW PINE CO. v. BARKER et al.

(Supreme Court, Appellate Division, First Department. December 17, 1897.)

TAXATION—FOREIGN CORPORATIONS.

Where a foreign corporation doing business within the state sells, upon credit in the state, merchandise which would be taxable if in specie within the state, the transaction effects a mere transformation from one form to another of a sum invested in the state, and employed there in the current business of the corporation; and the credits represented by book accounts kept in the state and promissory notes physically here are taxable under Laws 1855, c. 37, § 1.

Ingraham, J., dissenting.

Appeal from special term.

Certiorari by the people of the state of New York, on the relation of the Yellow Pine Company, against Edward Barker and others, commissioners of taxes. From an order dismissing the writ, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John B. Green, for appellant.
James M. Ward, for respondents.

PATTERSON, J. This appeal is from an order made at the special term dismissing a writ of certiorari which was sued out by the relator to review the action of the respondents, commissioners of taxes of the city of New York, in fixing the assessed valuation of the relator's property for the purposes of taxation for the year 1896. The relator is a corporation organized under the laws of the state of New Jersey, but does business in the city of New York, and has capital or property invested in its business in the state of New York. The commissioners determined, as appears by their return, that the total amount invested by the relator in the state was the sum of $689,393; that this aggregate amount was made up of items contained in a statement submitted to them by the relator, and of an additional amount of $222,014, which had not been reported by the relator as among its taxable assets. This latter item represents credits and bills receivable, due to the relator for lumber or merchandise sold by it in the course of the transaction of its business in the state of New York. The only question arising on this appeal is as to the correctness of the action of the commissioners in including the item referred to in the assessed value of the relator's property for the purposes of taxation. Under chapter 37 of the Laws of 1855, foreign corporations are to be assessed and taxed on all sums invested in any manner in business in this state, the same as if they were residents of the state. It is well settled that the power to tax property of nonresidents extends only to such property as is situated within the state exercising the taxing power. New York, L. E. & W. R. Co. v. Com. of Pennsylvania, 153 U. S. 628, 14 Sup. Ct. 952; People v. Commissioners of Taxes, 23 N. Y. 224. But, as to all such property so within the state, the power to tax is ample. The act of 1855 reaches all sums belonging to foreign corporations invested in any

manner in the state. The manner or form of the investment is entirely immaterial. The test is: 'Is the property, in whatever shape it may be, employed in the business of the corporation in this state? Is it an asset within this state? Is it something upon which the corporation is doing business in this state? Does it remain for the purposes of the business of the corporation within this state? If it does, whether it is in the shape of a promissory note, or a book credit, or in any other form, it is as substantially invested for the purposes of business as if it were tangible property, such as goods or merchandise of any description. It is entirely true that intangible property, choses in action, and debts, as a general rule, are regarded by a fiction of law as having their situs at the place of residence of a creditor. To them the maxim, "Mobilia personam sequuntur," applies ordinarily; but those things constituting property which are used for the purposes of trade or business in a particular locality, for all purposes of that trade or business, have a situs where they are so used. A banker engaged in business in the city of New York, but residing in the state of New Jersey, nevertheless has all the assets of his business, whether they consist of credits or of tangible securities, in the city of New York. The statute referred to covers the case of property or sums used in the actual conduct of business within the territory of the state. If promissory notes are physically here, they have a situs here for all the purposes of business. They are nothing but evidences of indebtedness. Book accounts which merely show the particular status of certain assets of a business are records of the then present condition of so much of the sum used or invested in the business as constitutes the items of those accounts. Any other view of such accounts would permit not only of the evasion of taxation, but of the separation of a going business (which must be considered in its entirety) into component parts, and of taking out some of the assets for one special purpose, although they are retained for all the general purposes of business. These credits enter into the general business of the corporation transacted in the state of New York. It is not claimed that they do not constitute active factors in the transaction of that business, but it is only through the application of a fiction of law that they are sought to be removed from the operation of the tax law of the state.

There is nothing decided in the Thurber-Whyland Co. Case, 141 N. Y. 122, 35 N. E. 1073, nor in the Hecker-Jones-Jewell Milling Co. Case, 147 N. Y. 31, 41 N. E. 435, which affects the question now before the court. That question is simply whether or not, where merchandise which, if it were in specie within the state, would be subject to taxation, has been sold upon credit in the state, and that credit has not expired, the amount of the merchandise thus sold, and for which the credit is given in books kept in the state, can be said to be removed from the state when it enters into the general business conducted within the state. In our judgment, it is merely a transformation from one form to another of a sum invested in the state employed in the current business of the corporation in the state; and it is not removed beyond the jurisdiction of the state as so much withdrawn from investment in business in the state.

The action of the commissioners was right, and the order appealed from should be affirmed, with costs. All concur, except IN-GRAHAM, J., dissenting.

INGRAHAM, J. (dissenting). The only question upon this appeal is as to the action of the commissioners of taxes in including an amount of $199,813.23 for goods sold by the relator in this state, such amount being due upon book accounts to the relator, a foreign corporation, doing business in this state. The relator fixed the amount invested by it in business in this state at the sum of $463,414. To this sum the respondents added, for outstanding amounts due for goods sold, less 10 per cent., $199,813.23, and deducted from these two sums the indebtedness incurred by the relator for the purchase of property within this state.

Section 1 of chapter 37 of the Laws of 1855 provides that:

"All persons and associations doing business in the state of New York, as merchants, bankers, or otherwise, either as principals or partners, whether special or otherwise, and not residents of this state, shall be assessed and taxed on all sums invested in any manner in said business, the same as if they were residents of this state."

This statute has been several times considered by the court of appeals, and we must determine whether or not money due to a nonresident, doing business here, for property that it has sold, is property invested within the state, within the meaning of this section. In the Thurber-Whyland Co. Case, 141 N. Y. 121, 35 N. E. 1074, Judge Peckham, in delivering the opinion of the court, says:

"We are of the opinion that this act does not contemplate the deduction of debts from the sums invested in this state by a nonresident. As the person is a nonresident, it is to be assumed that he will, at the place of his domicile, have all of what might be termed his 'equities' adjusted; and that, if entitled to it anywhere, it will be at such domicile that he will claim and be allowed the right to have such deduction. In his case the statute of 1855 seizes upon the certain, specific sum which he has here invested in the business carried on by him, and that sum is to be assessed and taxed the same as if the person were a resident of the state. In using the expression 'the same as if they were residents of this state,' we do not think it was intended that exceptions were to be allowed here the same as if the party were a resident, or that deductions from the sum thus invested should be made as if that were the case. It meant, as it seems to us, that the sum invested in any manner in business in this state should be assessed in the same manner and form as a resident would be assessed."

And the court, in finally disposing of the case, says:

"The relator having no right to deduct its debts from the sum it had invested in its business here, it is unnecessary to discuss the question whether the amount of the debts due it should be regarded as any part of the sum invested in its business in this state, because the sum assessed by the defendants is less than the amount which the affidavit of the president of the relator shows was invested in its business in this state at the time of such assessment, exclusive of these accounts."

From this decision it would seem that the rule to be followed is that, under the statute of 1855, the state seized upon a specific property which the nonresident has here invested in the business carried on by it, and that that sum is to be assessed and taxed as though the nonresident were a resident; that the general equities as to the re-

lator's assets and liabilities, placing on one hand the amount that is owed to it from others, and on the other hand the amount that it owes others, are to be adjusted at the place of its domicile, where it can have the right to have such general equities adjusted. It is not entitled to deduct from the value of the property invested in this state the amount of its indebtedness, nor is it to pay upon the amount of money that others are indebted to him. The determination of this question must be settled at his domicile. If a nonresident brings property within this state, that specific property is taxable, although he may owe a much larger sum of money, or, in fact, may be insolvent. If, however, no such specific property or sum of money is within this state, although such nonresident does business here, he is not taxable, although he may be worth millions. Does it make any difference, as to his liability to taxation, whether the money which he has owing him is owing by citizens of this state, or by citizens of a foreign state? Suppose a person doing business in the state of New York, manufacturing goods in the state of New Jersey, should sell to a resident of this state certain goods which were shipped from his factory in New Jersey; would the debt owing to him by such citizen of this state be any more property invested in this state than if the person to whom the property had been sold resided in New Jersey? We have not a case where bonds or obligations, being the evidence of debt, are here, but the simple case of a person being indebted to a nonresident in a sum of money which such person is bound to pay. It certainly is immaterial whether or not the contract of sale was made in this state; and it seems to me equally immaterial whether or not the debtor is a resident of this state. The general rule that a debt is property at the domicile of the creditor, and not of the debtor, is too well settled to be questioned; and it would certainly seem to be most unjust to subject a person to taxation upon debts due to him, and not allow him credit for moneys due by him. It is manifestly impossible, in the case of a nonresident or foreign corporation doing business here, to make such adjustments. The property that a nonresident brings to this state, and invests here, the statute in question subjects to taxation. But a mere chose in action,—a credit to a person, whether engaged in doing business here or elsewhere,—is not property invested at all. It is a debt due him, which may or may not be paid, depending upon the solvency of the debtor; and there can certainly be no distinction between a debt due to a nonresident, doing business in New York, from one residing in New Jersey, and a debt due from one residing in New York, as there can be no difference with respect to the liability of a trader as to whether his creditor resides in New Jersey or New York. If a person doing business here, who has sold his property and has parted with its title, giving a credit to the purchaser, is to be charged with the amount owed to him as money invested in business in this state, he certainly should be allowed to be credited with the amount which he owes for money borrowed by him to purchase property to carry on his business. Yet that is exactly what the court of appeals said in the Thurber-Whyland Co. Case that he could not be credited with, because there was an equity that must be adjusted at the place of his domicile.

I think, therefore, that the order appealed from should be reversed, and the assessment corrected, by deducting from the assessed value of the relator's property the sum of $199,813.23 for outstanding amounts due for goods sold, less 10 per cent.