PEOPLE ex rel. ARMSTRONG CORK CO. v. BARKER et al.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

1. TAXATION—MERCHANDISE OF FOREIGN CORPORATION.
    A foreign corporation, doing business in this state, is not taxable upon merchandise sent to its agency here for sale.

2. SAME—CAPITAL INVESTED.
    Accounts receivable, due to a foreign corporation doing business in this state, for merchandise sold here, are taxable under Laws 1896, c. 908, § 7, as capital invested in the business here.

Appeal from special term, New York county.

Certiorari by the people, on the relation of the Armstrong Cork Company, against Edward P. Barker and others, commissioners of taxes and assessments of the city of New York. From an order sustaining writ reducing the assessment on the relator for the year 1897, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

James M. Ward, for appellants.
Charles J. Hardy, for respondent.

INGRAHAM, J. The appellants, as commissioners of taxes and assessments, fixed the taxable value of the petitioner's capital invested in business in this state at $342,403, and this proceeding is sought to review that assessment. The court below reduced the assessment to the sum of $189,408.96. The relator is a foreign corporation, organized under the law of the state of Pennsylvania, and engaged in the transaction of business at 45 Murray street, in the city of New York. The only question involved is as to the deduction by the court of two items as not capital of the relator invested in business in this state. These two amounts aggregate $152,915.04,—one represented account receivable at the Murray street agency, $51,463.24; and the other merchandise at the Murray street agency, $101,451.80. As to the merchandise at the Murray street agency, we think that was not taxable, within the principle settled in the cases of People v. Commissioners of Taxes of City of New York, 23 N. Y. 242, and People ex rel. Sherwin-Williams Co. v. Barker, 5 App. Div. 246, 39 N. Y. Supp. 151. The question in these cases related solely to merchandise consigned to the agent of a foreign corporation for sale within this state. In the Sherwin-Williams Co. Case, the relator had, in the year 1874, money deposited in this city to the amount of $781.45, and office furniture of about the value of $500. In addition to that, it had in its store, sent from Ohio for sale, goods of the value of

.about $15,000, and the commissioners assessed the appellant in the amount of $16,200.   That amount was reduced by the special term to $1,281.45, being the amount of its cash on hand and the value of its furniture, and that deduction was confirmed by this court.   In addition to this merchandise sent to this state for sale, the corporation has due to it, as the proceeds of the sale of property sent here and payable at its place of business in this city, the sum of $51,463.24.   The statute under which this assessment was imposed is section 7, c. 908, Laws 1896.   That section provides that "nonresidents of the state doing business in the state, either as principals or partners, shall be taxed on the capital invested in such business, as personal property, at the place where such business is carried on, to the same extent as if they were residents of the state," and is a substitute for section 1, c. 37, Laws 1855.   While the phraseology is somewhat different, it does not seem that there is any substantial distinction.   The question is, what capital has this foreign corporation invested in business in this state? or, in other words, is the $51,000 which is the amount due for property sold by this corporation in this state, in the transaction of its business, capital invested in business in this state? It seems to me that this question is answered in the affirmative by the case of People v. Barker, 23 App. Div. 524, 48 N. Y. Supp. 553.   The question in that case was whether the sum of $222,014, representing credits and bills receivable due to the corporation for merchandise ·sold by it in the course of the transaction of its business in the state of New York, should be included among its capital assets; and the court held, under chapter 37 of the Laws of 1855, that it was properly included.   The precise question here submitted having been determined against the relator in the last case cited, we think it is controlling, and that the sum of $51,463.24 should have been included ·in the assessment of property subject to taxation as capital of the relator invested in business in this state.

The order appealed from is therefore modified by refixing the amount of the assessment at the sum of $240,872.20, and the order, .as so modified, is affirmed, without costs of this appeal.   All concur.