THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANFORD N. BARNEY, Appellant, *v.* EDWARD P. BARKER and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.

*Tax — exemption of a non-resident — his indebtedness must exceed the amount of his personal property wherever situated — incorrect description of a statute in a notice of assessment.*

A non-resident of the State of New York is not entitled to exemption from taxation on money invested in a special partnership doing business within the State of New York because he is indebted to persons residing within that State in a sum exceeding such contribution to the special partnership and all other property owned by him subject to taxation within the State of New York, it not appearing that the total amount of the indebtedness of the party assessed exceeds the total amount of his personal property both within and without that State or that the money for which he was indebted was the identical money contributed by him to the special partnership.

The fact that a notice of an assessment for taxation incorrectly describes the statute under which the assessing body assumed to act does not invalidate the assessment.

APPEAL by the relator, Danford N. Barney, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 12th day of April, 1898, dismissing a writ of certiorari issued to review the proceedings of the defendants in relation to the relator's assessment for taxes during the year 1897, with notice of an intention to bring up for review upon such appeal an order made at the New York Special Term and entered in said clerk's office on the 6th day of April, 1898,

amending the return to said writ of certiorari by substituting in the place and stead of the allegation "pursuant to the provisions of chapter 37 of the Laws of 1855," wherever such allegation appeared in said return, the following allegation, "under the statute in such case made and provided."

*H. M. Whitehead,* for the appellant.

*James M. Ward,* for the respondents.

INGRAHAM, J.:

The relator presented his petition to the Supreme Court, alleging that the respondents, as commissioners of taxes and assessments, had assessed his personal estate subject to taxation in the city of New York for the year 1897 at $75,000, which assessment was erroneous and illegal, as the relator is a non-resident of the State of New York, and that while having the sum of $75,000 invested in a special partnership doing business within this State, he was indebted to residents of this State in a sum in excess of all property that he has within this State subject to taxation, including his investment of $75,000 in the special partnership of which he was a member, and also that such assessment was made under chapter 37 of the Laws of 1855, which act had been repealed by chapter 908 of the Laws of 1896. Upon this petition a writ of certiorari was issued, to which the respondents made a return, and upon a hearing the court dismissed the writ. Upon the hearing an order was entered amending the return by substituting in place of the words "pursuant to the provisions of chapter 37 of the Laws of 1855," wherever such words appeared in the return, the words "under the statute in such case made and provided."

The relator appeals from this order, but we think the order was within the discretion of the court and did not affect any substantial right of the relator. A mistake in the return as to the description of the act under which the assessment was made was a mistake of form that the court had the power to correct; but we fail to find any allegation in the return which states that this assessment was made under the provisions of the law of 1855. The return speaks of the assessment that was made for the year 1896, and of the proceedings to review that assessment, and states that that assessment

was made under chapter 37 of the Laws of 1855; but there is no allegation in the return that this assessment sought to be reviewed was made under the provisions of the act of 1855. In the petition it is also stated that the respondents sent to the relator a notice that he had been assessed under the act of 1855, and the claim is made that as that act had been repealed prior to January 1, 1897, the assessment under it was invalid. But if the assessment actually made was valid under the act in force at the time it was made, the fact that in their notice to the relator the respondents incorrectly described the statute under which they assumed to act would not invalidate the assessment made prior to the time of the sending of such notice.

As neither party to this proceeding asked for leave to take additional testimony, the question as to the validity of this assessment must be determined upon the petition and the return thereto. The act in force at the time the assessment was made was chapter 908 of the Laws of 1896, which was passed on May 27, 1896, and took effect June 15, 1896. By this act the act of 1855, under which the respondent had acted in the former years, was repealed. We held in the case of *The People ex rel. Armstrong Cork Company* v. *Barker* (31 App. Div. 264), that section 7 of the act of 1896 is a substitute for section 1 of chapter 37 of the Laws of 1855, and that while the phraseology was somewhat different, there was no substantial distinction. By section 3 of the act of 1896 it is provided that all personal property situated or owned within this State is taxable unless exempt from taxation by law. Section 4 provides for the property that shall be exempt from taxation, but by virtue of such section the relator does not claim any exemption. By section 7 of the act, which is a substitute for section 1 of the act of 1855, it is provided that non-residents of the State doing business within the State, either as principals or as partners, shall be taxed on the capital invested in such business as personal property, at the place where such business is carried on, to the same extent as if they were residents of the State. Under the provisions of this section the property within this State of the relator, a non-resident doing business here, has been assessed at the sum of $75,000. The relator claimed before the commissioners, and claims here, that, although he had the sum of $75,000 actually invested in this special copartnership which

is doing business in this State, he should not be taxed upon that sum, for the reason that he is indebted to persons residing in this State in a sum exceeding the amount of such contribution to the special partnership, and all other property owned by him subject to taxation within this State.

In the case of this relator against these respondents to review the assessment for taxation of the relator's interest in this special partnership for the year 1896 (16 App. Div. 268), we held that the fact that the relator was indebted to others in a sum exceeding $75,000, without showing that his other personal property subject to taxation under the laws of this State was not equal in amount to such indebtedness, did not under the statute referred to exempt such property invested in this State from taxation. In the opinion in that case we said: "What we do here decide is, that where there is property within this State subject to taxation, the owner of such property is not entitled to deduct the amount of money that he owes within this State, simply because the State of his domicile refuses to allow him to deduct his debts from property which it there taxed, and where it does not appear that he has not other property subject to taxation sufficient to pay his indebtedness." And on appeal to the Court of Appeals our decision was affirmed on the opinion in this court (154 N. Y. 762). We think that case disposes of this appeal. Assuming that the relator would be entitled to have this amount invested in New York exempt from taxation, if it appeared that the total amount of his indebtedness exceeded the total amount of his personal property, including the sum invested in business in this special partnership, the respondent has failed to show that fact. He alleges that all his property in the State of New York subject to taxation is not equal to his indebtedness in this State, but he does not show that he has not ample personal property out of this State to pay all indebtedness that he owes either within or without this State, excluding the amount invested in this special partnership. A resident of this State, in order to have specific personal property exempt from taxation, would be compelled to show that his indebtedness exceeded all his personal property subject to taxation, and the statute certainly does not give to a non-resident doing business within this State any greater right to exemption than is given

to a citizen of this State.    Nor does the relator show that the money borrowed by him and for which he is now indebted was the identical money contributed to this special copartnership.    He says that this indebtedness is continued to enable him to continue the investment of this money in the special partnership, but he does not show that the identical money borrowed and for which he remains indebted was invested by him in this special partnership.

Objections are taken to the constitutionality of this act, but we do not think they require notice.    Nothing in this act imposes a tax upon the relator or upon anybody else.    The act provides a method by which the property in this State that is subject to taxation can be ascertained and upon which a tax when it is imposed can be levied.

We think the order appealed from was right and should be affirmed, with ten dollars costs and disbursements, and the judgment dismissing writ of certiorari affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, and judgment affirmed, with costs.