PEOPLE ex rel. SMITH v. O'DONNELL et al., Tax Com'rs.

(Supreme Court, Special Term, New York County.　March 13, 1905.)

1. TAXATION—ASSESSMENT—PROPERTY OF NONRESIDENT—DEBTS—DEDUCTIONS.
   An assessment for taxation on personal property of a nonresident located in New York is not subject to a deduction for an indebtedness due from the owner, unless the indebtedness stands in some direct relation to the property.
   [Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 597.]

2. SAME—PETITION FOR REVISION—SUFFICIENCY.
   The allegation in a petition for a writ of certiorari to review an assessment on personal property of a nonresident, located in New York, that the property was invested as a special partner's capital, and that the debts sought to be deducted from the investment were incurred in the due course of business, does not show that the debts stand in some relation to the capital, and a deduction is therefore unauthorized.

3. SAME.
   The refusal of the commissioners of taxes and assessments to swear an applicant in support of his application for a revision of the assessment on his property warrants the applicant suing out a writ of certiorari, but his petition therefor must set forth facts showing a prima facie case for revision.

Certiorari by the people, on the relation of Frederick Hoffman Smith, Jr., to review an assessment for taxes of relator's personal property made by Frank A. O'Donnell and others, as commissioners of taxes and assessments of the city of New York.　Writ quashed.

On the second Monday of January, 1904, the relator, a resident of Newark, N. J., had invested in the limited partnership of Harrison & Smith, a firm of New York stockbrokers, the sum of $100,000, as special capital.　The commissioners of taxes and assessments assessed the entire amount of this special capital as capital invested in business in the city of New York by a nonresident. Relator sought to deduct indebtedness of $25,000 upon open accounts, and $50,000 upon notes, upon the ground that all of said indebtedness was to citizens of the state of New York, and incurred in the usual and due course of business, and not for the purposes of evading taxation under the laws of the state of New York.　The petition of the relator also alleged that on the second Monday of January he had no other personal property subject to taxation either within or without the state of New York, excepting the amount of said special capital, and $1,925 in cash deposited in a bank in the city of New York. A motion was made to quash or supersede the writ of certiorari granted upon said petition upon the ground that the petition failed to show that the assessment was illegal.

John J. Delany, Corp. Counsel (George S. Coleman and E. Crosby Kindleberger, of counsel), for the motion.
Hoge & Humphrey (Theo. F. Humphrey, of counsel), for relator.

LEVENTRITT, J.　The motion to quash must be granted, as the relator does not bring himself within the controlling authority of People ex rel. Hecker-Jones-Jewell Milling Co. v. Barker, 147 N. Y. 31, 41 N. E. 435, 29 L. R. A. 393, by showing that the debts he seeks to deduct from his investment as a special partner were incurred in relation to that investment.　Whatever may be the dicta in the two cases of People ex rel. Barney v. Barker, 16 App. Div.

266, 44 N. Y. Supp. 718, affirmed 154 N. Y. 762, 49 N. E. 1102, 35 App. Div. 486, 54 N. Y. Supp. 848, affirmed 159 N. Y. 569, 54 N. E. 1093, the decisions are both founded on the Hecker-Jones-Jewell Case; and, if in conflict, the dicta must yield to what has actually been decided. The argument seems most persuasive that where a tax is not against a nonresident as such, but merely against the property located here, enjoying the protection of our laws, a tax which is not collectible by suit against the nonresident (People ex rel. Dufour v. Wells, 85 App. Div. 440, 82 N. Y. Supp. 866, 83 N. Y. Supp. 387, affirmed 177 N. Y. 586, 70 N. E. 1106; City of N. Y. v. McLean, 170 N. Y. 374, 63 N. E. 380), but merely out of the property, the debts of the nonresident should not be allowed to diminish the taxable fund unless they stand in some direct relation to it. The allegation in the petition that the debts were incurred in the due course of business does not show such a relation, as a special partner's capital is unaffected by firm debts. People ex rel. Bird v. Barker, 145 N. Y. 239, 39 N. E. 1065. Nor can the relator invoke the right to take further testimony. The commissioners' refusal to swear him in support of his application to revise the assessment warranted his securing a day in court by suing out a writ of certiorari (People ex rel. Thompson v. Feitner, 168 N. Y. 441, 456, 61 N. E. 763), but the petition on which he then comes into court must set forth sufficient facts to show a prima facie case for cancellation or revision. This the present petition does not do.

  Motion granted, with $10 costs.