(54 Misc. Rep. 330)

PEOPLE ex rel. DUNLAP'S EXPRESS CO v. RAYMOND et al., Com'rs of Taxes and Assessments.

(Supreme Court, Special Term, New York County. May, 1907.)

TAXATION—FOREIGN CORPORATION—REDUCTION OF ASSETS.

The debts of a foreign corporation bearing no relation to its assets in the state in which it is doing business cannot be applied to reduce an assessment for the purpose of taxation in the state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 672.]

Proceedings by the people, on the relation of Dunlap's Express Company, against Frank Raymond and others, commissioners of taxes and assessments of the city of New York, for the correction of an assessment. Assessment confirmed.

Cravath, Henderson & De Gersdorff, for relator.

William B. Ellison, Corp. Counsel (Curtis A. Peters, of counsel), for respondents.

LEVENTRITT, J. The relator is a foreign corporation doing business in this state. On the personal tax roll for 1906 it was assessed for personal property at a valuation of $50,000. Upon application to the commissioners of taxes and assessments, this valuation was reduced to $36,700; it appearing from the sworn application statement of the treasurer that the relator had only $36,691.30 invested in its business here. The application further showed that there were no offsets against the amount invested. Annexed to the application, however, was a statement from which it appeared that the relator was in-

debted in the sum of $44,192.42 for moneys borrowed and accounts payable, which sum the relator sought to offset against the amount of its investment. No relation was shown or attempted to be established between the indebtedness and the assets, the relator conceding as it now concedes that no such relation exists. The commissioners refused to allow the deduction, whereupon this proceeding was instituted for a review of their action and a correction of the assessment.

This case comes within the principle established by the Court of Appeals in People ex rel. Milling Co. v. Barker, 147 N. Y. 31, 41 N. E. 435, 29 L. R. A. 393, which construes the meaning of the statute and determines the basis for taxation of a nonresident individual or corporation. The only rule deducible from that case is that, before a nonresident shall be entitled to a deduction of the amount of a debt from the amount invested in business in this state, he must show that the debt bears some relation to the amount here invested or to the assets of the business here located; in other words, that the debt was incurred in relation to such investments or assets. Where such a relation is not shown, a "nonresident corporation investing a sum of money in this state is to be assessed for the full sum it invests here, although it may owe debts enough outside of such investment to render it insolvent." Whatever may be the dicta in the two cases of People ex rel. Barney v. Barker, 16 App. Div. 266, 44 N. Y. Supp. 718, affirmed 154 N. Y. 762, 49 N. E. 1102, and Id., 35 App. Div. 486, 54 N. Y. Supp. 848, affirmed 159 N. Y. 569, 54 N. E. 1093, the decisions are both founded, as I have heretofore had occasion to point out, on the decision in the Milling Company Case, and, if in conflict, the dicta must yield to what has actually been decided. People ex rel. Smith, Jr., v. O'Donnell, 92 N Y. S. 577, 46 Misc. Rep. 521. The reason for the rule is that the tax imposed is not against the nonresident or foreign corporation, but against specific property the assessed valuation of which may, therefore, be reduced only by the amount of debts which bear some relation to it and cannot be offset by general obligations.

The relator relies also upon the conclusion reached in People ex rel. Journeay & Burnham Co. v. Roberts, 37 App. Div. 1, 55 N. Y. Supp. 317. That case does not state the rule for which the relator contends; and, furthermore, it has no application as it involved a construction of the state franchise law which calls for the application of entirely different principles in fixing valuation for purposes of assessment. However, even if that case could be considered as applicable, it is without force in the light of the rule as outlined in People ex rel. Milling Co. v. Barker, supra.

The fact that all of relator's business is carried on in this state and that all of its debts were contracted here does not affect the situation. Under the tax law nonresidents "doing business in the state * * * shall be taxed on the capital invested in such business." No exceptions are stated. The relator in its sworn statements has fixed the amount of capital invested in its business at $36,691.30. If the debts which it seeks to deduct had been incurred in relation to its local assets, there would be no capital invested within the meaning of the tax law as construed in the Milling Company Case, supra. As, how-

ever, they bear no relation to these assets, they cannot be applied in reduction of the assessment.

It follows that the assessment must be confirmed, and the writ dismissed.

Assessment confirmed and writ dismissed.